**MOSHE MYEROWITZ, D.C., P.A.**

**v.**

**Ellen HOWARD, D.C.**

Supreme Judicial Court of Maine.

Argued March 10, 1986.

Decided April 1, 1986.

Gross, Minsky, Mogul & Singal, Louis H. Kornreich, (orally), Steven J. Mogul, Bangor, for plaintiff.

Rudman & Winchell, Philip D. Buckley, (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

McKUSICK, Chief Justice.

In this suit brought by Moshe Myerowitz,[1] a chiropractor, to enforce a professional covenant not to compete against another chiropractor, Ellen Howard, the Superior Court (Penobscot County) issued on December 30, 1985, a preliminary injunction restraining defendant from violating that covenant pending the court's final decision on plaintiff's prayer for a permanent injunction. Dr. Howard attempts to appeal from that preliminary injunction, but she fails to bring this case within any exception to the final judgment rule. We accordingly dismiss her appeal.

In October 1981 Dr. Howard started in practice by becoming associated with Dr. Myerowitz at his Myerowitz Chiropractic Center in Bangor. On February 25, 1982, she signed an "Associate Doctor Agreement" with Dr. Myerowitz that included, among other things, a covenant not to compete. By that covenant Dr. Howard agreed not to practice chiropractics within a 50-mile radius of the Myerowitz Chiropractic Center for a period of 48 months immediately following the termination of the agreement. Until late 1985, Dr. Howard, as an associate of Dr. Myerowitz, practiced chiropractics and also performed invasive acupuncture treatments, the latter recently constituting about 70% of her practice.

In early November 1985 Dr. Howard terminated her association with Dr. Myerowitz and began to set up her own chiropractic office in Brewer, the city directly across the Penobscot River from Bangor. On November 26, 1985, Dr. Myerowitz filed this suit against Dr. Howard seeking, along with other relief, the issuance of a permanent injunction enforcing the covenant not to compete. Dr. Myerowitz also moved for similar injunctive relief *pendente lite.* On December 30, 1985, the Superior Court, after applying the four factors required by *Ingraham v. University of Maine at Orono,* 441 A.2d 691, 693 (Me.1982), including plaintiff's likelihood of success on the merits, preliminarily enjoined Dr. Howard from practicing chiropractics within a 50-mile radius of Bangor for a period of 48 months or until final disposition of Dr. Myerowitz's suit, whichever first occurs. The court did not enjoin Dr. Howard from performing invasive acupuncture, a professional activity not mentioned in the covenant not to compete. The court conditioned the preliminary injunction upon Dr. Myerowitz's posting a $150,000 bond (later changed to a letter of credit) as security in the event that Dr. Howard is ultimately found to have been wrongfully restrained. Dr. Howard promptly filed a notice of appeal from that preliminary injunction.

By the final judgment rule, an interlocutory order such as a preliminary injunction is generally not appealable. *State v. Maine State Employees Association,* 482 A.2d 461, 463 (Me.1984). That judicially imposed prudential rule "helps curtail interruption, delay, duplication and harass-

---

1. The named plaintiff in this case is a professional corporation bearing the title "Moshe Myerowitz, D.C., P.A.," which does business as the "Myerowitz Chiropractic Center." For convenience, Dr. Moshe Myerowitz, the principal in the corporation bearing his name, will in this opinion be treated as the plaintiff.

ment; it minimizes interference with the trial process; it serves the goal of judicial economy; and it saves the appellate court from deciding issues which may ultimately be mooted, thus not only leaving a crisper, more comprehensible record for review in the end but also in many cases avoiding an appeal altogether." *Id.* at 464. Over the years our cases have, however, delineated a few narrow exceptions to the final judgment rule. Dr. Howard asserts that her appeal falls within either the "death knell" exception or the "collateral order" exception. In the alternative she asks the court to fashion a new exception to the rule based on the fact circumstances of her appeal.

 The death knell doctrine allows an appeal to be taken from an interlocutory order where "substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Moffett v. City of Portland*, 400 A.2d 340, 343 n. 8 (Me.1979). In other words, where a preliminary injunction has the "practical effect of permanently foreclosing relief on a claim," that order is immediately appealable. *Crafts v. Quinn*, 482 A.2d 825, 827 (Me.1984). Dr. Howard's appeal, however, does not fall within that exception. The merits of the preliminary injunction here are, for all practical purposes, identical to the merits on the issuance of the permanent injunction, which if issued will be subject to appellate review. All of the arguments put forth by Dr. Howard why she should not be restrained *pendente lite* from chiropractic practice within 50 miles of Bangor remain open to her in the upcoming trial of Dr.

Myerowitz's request for a permanent injunction to the same effect.[2] If the Superior Court, or this court on appeal from a permanent injunction, ultimately determines that Dr. Howard should not have been preliminarily restrained, she will be entitled to full compensation for her loss out of the security posted by Dr. Myerowitz.[3]

 The collateral order exception to the final judgment rule allows an immediate appeal from an interlocutory order, such as an attachment, where (1) that order involves a claim separable from and collateral to the gravamen of the lawsuit; (2) it presents a major and unsettled question of law; and (3) there would be irreparable loss of the rights claimed in the absence of immediate review. *See Hanley v. Evans*, 443 A.2d 65, 66 (Me.1982). Dr. Howard's appeal does not fall within that exception because the merits of the preliminary injunction are not collateral to or separable from the gravamen of the case, namely, whether or not a permanent injunction should be issued to enforce Dr. Howard's covenant not to compete with Dr. Myerowitz.[4] Furthermore, Dr. Howard will not suffer any irreparable loss of rights in the absence of immediate review since she can recover compensation for any loss from the substantial security that has been given by Dr. Myerowitz.

 Since the final judgment rule is a judge-made prudential rule, we are not precluded from fashioning an additional exception "where extraordinary circumstances warrant it." *Maine State Employees As-*

---

**2.** In contrast, *Moffett v. City of Portland*, 400 A.2d 340, 343 n. 8 (Me.1979), fell within the death knell exception when the trial court's denial of a preliminary injunction against public disclosure of police interview transcripts had the effect of completely mooting the plaintiff police officers' suit to enjoin permanently the release of those very transcripts as being exempt from the Freedom of Access Act.

**3.** On the record before us, there appears now to be no possible inadequacy in the $150,000 security. If Dr. Howard's aggregate damages should in time threaten to exceed that sum because of

litigation delays or otherwise, her proper avenue to relief is a motion in the Superior Court to modify the preliminary injunction to increase the amount of the required security.

**4.** In contrast, the injunction issued against the use *pendente lite* of a tractor-truck in *Connors v. International Harvester Co.*, 437 A.2d 880, 881 (Me.1981), came within the collateral order exception because it collaterally altered the pretrial property rights of the parties in a way similar to an attachment.

*sociation,* 482 A.2d at 465; *see also Bar Harbor Banking & Trust Co. v. Alexander,* 411 A.2d 74, 76–77 (Me.1980). There is nothing, however, that distinguishes the preliminary injunction against Dr. Howard from the everyday interlocutory order. In this present appeal we can find no such extraordinary circumstances as would impel us to craft an *ad hoc* exception to the final judgment rule.[5]

In conclusion, Dr. Howard has failed to bring her appeal within any of the established exceptions to the final judgment rule or to show any other principled basis upon which we should make a special exception to our customary rule that orders for preliminary injunctions are not appealable.

The entry is:

Appeal dismissed.

All concurring.

---

5. In contrast, in *Bar Harbor Banking & Trust Co. v. Alexander,* 411 A.2d 74, 77 (Me.1980), we fashioned an exception to the final judgment rule to prevent trial court interference with "apparently legitimate executive department activity" and to "safeguard the separation of powers." There, a trial court had granted a temporary restraining order to enjoin a public administrative hearing scheduled by the Bureau of Consumer Protection to determine whether the bank had violated a statute regulating finance charges.