**Marie PIERCE, et al.**

v.

**GROVE MANUFACTURING
COMPANY, INC. et al.**

Supreme Judicial Court of Maine.

Argued April 27, 1990.
Decided June 8, 1990.

Naomi Honeth (orally), George W. Beals, Portland, for plaintiff.

Ernest J. Babcock (orally), Jennifer Begel, Friedman & Babcock, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

COLLINS, Justice.

Grove Manufacturing Company, Inc., the defendant in a wrongful death action brought by Marie Pierce, seeks an interlocutory appeal of a pretrial discovery order entered by the Superior Court (York County, *Fritzsche, J.*) under the "death knell" or "collateral order" exceptions to the final judgment rule. This case does not fall within either exception, and therefore the present appeal is dismissed.

## I.

The facts are largely undisputed. In 1986, a steel worker named Jon Pierce was electrocuted to death when a crane carrying a steel beam that Pierce was guiding by hand struck a power line. In 1986, Marie Pierce, the widow of Jon Pierce and personal representative of his estate, brought a wrongful death action against the crane manufacturer, Grove Manufacturing Company, Inc., asserting that Grove acted negligently by failing to equip the crane with a proximity warning device that detects the presence of electrical wires. A company named Sigalarm manufactured these warning devices. During discovery, Pierce requested from Grove all documents regarding Grove's prior dealings with Sigalarm in order to develop evidence to combat Grove's allegations that the proximity warning devices were "undependable" and "terribly insidious, dangerous product[s]."

Grove, Sigalarm, and 16 other parties had previously been involved in an antitrust suit in federal district court in Cali-

fornia ("the *Sigalarm* case"). Before the *Sigalarm* case settled, the California court issued a protective order, which Grove maintains still has effect, prohibiting dissemination of any documents pertaining to the *Sigalarm* case. Grove objected to Pierce's document request, claiming the *Sigalarm* documents sought are both irrelevant and "confidential and privileged." Pierce then moved to compel discovery, and Grove filed a memorandum supporting its opposition to Pierce's motion to compel.

Upon determining that the information Pierce sought was "highly relevant" to this case, the Superior Court granted Pierce's motion to compel, and ordered disclosure subject to a protective order to be drafted by the parties. Grove then filed a motion for protection (from the Superior Court's August 8th order) or for reconsideration (of the Superior Court's August 8th order). The Superior Court denied this motion. Grove filed notice of appeal to the Law Court under the "death knell" and "collateral order" exceptions to the final judgment rule.[1] Pierce contends that Grove's notice of appeal was untimely filed.

## II.

The primary question before us is whether Grove's appeal fits within one of the exceptions to the final judgment rule. It is well established that under the final judgment rule interlocutory orders are generally not appealable. *Blessing v. Dow Chemical Co.*, 521 A.2d 1176, 1178–79 (Me.1987); *Moshe Myerowitz, D.C., P.A. v. Howard*, 507 A.2d 578, 579–80 (Me.1986). *See also* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (2d ed. 1970 & Supp.1981). Over the years, however, we have recognized a few narrowly defined exceptions to the final judgment rule. *Moshe Myerowitz*, 507 A.2d at 580. *See also* 2 Field, McKusick & Wroth, §§ 73.1–73.5. Grove

---

* Hornby, J., sat at oral argument and participated at conference but resigned prior to issuance of this opinion.

1. The heart of Grove's appeal is that the Superior Court's order to produce the *Sigalarm* doc-

uments fails to give full faith and credit to the California order. Because we do not find Grove's appeal to be cognizable, however, we do not consider the merits of this argument.

contends that this appeal falls within two of these exceptions.

■ Grove first argues that this dispute is appealable under the death knell exception to the final judgment rule, which permits an interlocutory appeal where the issue pressed on appeal would be effectively mooted and substantial rights of a party would be irreparably lost if review were to be delayed until final judgment. *State v. Maine State Employees Association*, 482 A.2d 461, 464 (Me.1984); *Moffett v. City of Portland*, 400 A.2d 340, 343, n. 8 (Me.1979). Put differently, "where an interlocutory order has the practical effect of permanently foreclosing relief on a claim, that order is appealable." *Crafts v. Quinn*, 482 A.2d 825, 827 (Me.1984).

Grove founds his argument for interlocutory appeal under the death knell exception on our use of that exception in *Moffett.* The appellants in *Moffett* were police officers against whom civil suits had been filed for alleged uses of unnecessary force during a group of arrests. In an internal police disciplinary investigation into those arrests, the police officers were "compelled to make statements against their free will" to investigatory officers of the Portland Police Department. Soon thereafter, the publisher of a daily newspaper in Portland petitioned the City, under the Maine Freedom of Access Act, 1 M.R.S.A. § 401 *et seq.* (1979), to gain access to transcripts that were made of the police officers' interviews taken during the internal investigation. The police officers promptly sought a preliminary and permanent injunction against public disclosure of their statements, contending that the products of an internal police investigation fall under an exemption from the Freedom of Access Act that the police officers argued exists for records whose subject matter would be subject to the Fifth Amendment privilege against self-incrimination if sought to be used as evidence in a criminal trial. When the Superior Court denied the police officers' motion for the preliminary injunction, we granted interlocutory review under the death knell doctrine. We stated:

Here, failure to allow the police officers to appeal the denial of their motion for a preliminary injunction would mean that the interview transcripts would be publicly disclosed, and the issue of whether any part of the transcripts are exempt from the Freedom of Access Act would become moot. On these facts, an appeal is appropriate as an exception to the "final judgment" rule.

*Moffett,* 400 A.2d at 343 n. 8.

■ We determine in the present case that Grove is not entitled to appeal under the death knell exception on the strength of the *Moffett* decision. In *Moffett,* if the order denying the police officers' motion for preliminary injunction had not been appealable, the police officers' statements would have been immediately disseminated to the public. Any Freedom of Access Act challenge that the police officers might have been able to make at trial would have come too late to protect the officers from this dissemination. Further, subsequent appellate review favorable to the police officers would have come too late to provide any effective relief. The harm in the *Moffett* case was imminent, concrete, and irreparable. By contrast the injury Grove anticipates in the present case is, at the worst, speculative. Grove argues that if it is not afforded an interlocutory appeal and is forced to comply with the Superior Court's production order it will open itself up to a potential contempt citation in the California court, to potential civil action brought by the other parties to the *Sigalarm* case, and that Grove will lose forever the protection to which it is entitled under the attorney-client and work-product privileges. None of these anticipated harms are sufficient to warrant resort to the extraordinary measure of an interlocutory appeal.

First, even if the California court decides to reassert jurisdiction over Grove, which it may not, it is not a foregone conclusion that the California court will cite Grove with contempt for complying with the Maine discovery order—particularly in light of the protective order to be issued by the Superior Court limiting Pierce's use and specifically restricting Pierce's dissemi-

nation of the materials produced by Grove in compliance with the Maine discovery order. *See* Fed.Rules Civ.Proc., rule 37(b)(2) (a court may, at its discretion, "make such orders ... as are just," and suggesting four potential sanctions apart from the contempt citation). Likewise, it remains a remote possibility, not a concrete, imminent result, that Grove's compliance with the Superior Court's order will incite one or more of the parties to the *Sigalarm* case to bring suit against Grove.

Second, the record shows that Grove failed to meet its burden of demonstrating to the Superior Court with sufficient specificity which materials requested by Pierce should be protected under the attorney-client privilege or the work-product doctrine, and why these materials should be protected, so that the remainder might be discovered. *See* 8 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2016 & n. 68 (1970 & Supp.1979) (burden of establishing the existence of privilege is on party objecting to discovery, and bald assertion of privilege without allegation of facts substantiating privilege is insufficient to carry this burden). Grove's objection to Pierce's request for production and its memorandum in opposition to Pierce's motion to compel state only, without elaboration, that the materials requested are "privileged." Neither document expressly mentions either the attorney-client privilege or work-product doctrine by name. Further, the two affidavits filed supporting Grove's objections and its memorandum in opposition do not allege any facts indicating that the discovery materials sought fall within either the attorney-client or work-product privilege.

In sum, Grove has failed to demonstrate that his compliance or noncompliance with the Superior Court's order will result in an imminent, irreparable loss of substantial rights, such as that faced by the appellants in *Moffett.* Accordingly, we are not persuaded that a "death knell" will sound if an interlocutory appeal is not granted.

▪ Additionally, although the opportunity was available, Grove has not acted to mitigate the potential conflict that exists between the Maine court's order and either the California court's order or the parties to the antitrust suit. As the Superior Court stated at the hearing on Grove's post-order motion:

I am denying the request for [a formal stay of proceedings] for two reasons. The more important reason is that my order was issued August 8th.... There was time, if you wanted to, to, in addition to asking me to reconsider, to simply get counsel in California, go to the Federal Court, and do it. So, you've had two months to do that.

To the extent that Grove has failed to seek relief in California that would mitigate or eliminate the potential conflict between the interests of the courts and parties on the West Coast and the courts of Maine, Grove has contributed to the existence of the conflicts that serve as justification for obtaining immediate appellate review. In *Crafts v. Quinn,* 482 A.2d 825 (Me.1984), we refused to hear an interlocutory appeal sought under the death knell exception where the appellant's failure to pursue its own rights in a timely manner created the time pressure alleged as the only justification for interlocutory review. Similarly, we find that Grove should here not be permitted to gain the benefit of an interlocutory review where he has failed to avail himself of an opportunity to eliminate the need for that review.

▪ Second, Grove argues that this case is appealable under the "collateral order" exception. An interlocutory decision is appealable under the collateral order exception:

"[I]f it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell v. Forsyth,* 472 U.S. 511, 524–25 [105 S.Ct. 2806, 2814], 86 L.Ed.2d 411 (1985) (quoting *Cohen v. Beneficial Indust. Loan Corp.,* 337 U.S. 541, 546 [69 S.Ct. 1221, 1225–26], 93 L.Ed. 1528 (1949)).

*Lord v. Murphy,* 561 A.2d 1013, 1015 (Me. 1989). "The collateral order exception to the final judgment rule allows an immediate appeal from an interlocutory order ... where (1) that order involves a claim separable from the collateral to the gravamen of the lawsuit; (2) it presents a major and unsettled question of law; and (3) there would be irreparable loss of the rights claimed in the absence of immediate review." *Myerowitz,* 507 A.2d 478, 580 (Me. 1986). As shown above, there has been no demonstration of an "irreparable loss of rights claimed in the absence of immediate review." The harms of which Grove complains are merely speculative, not imminent. If we were to engage in the practice of granting interlocutory review of discovery orders whenever a party can allege that entry of the order may injure him, we would undermine the purpose of the final judgment rule.

Given that we have determined that Grove's appeal does not fit within one of the exceptions to the final judgment rule, we do not consider whether Grove's appeal was, as Pierce contends, untimely filed.

The entry is:

Appeal dismissed.

All concurring.