**CUMBERLAND FARMS, INC.**

v.

**Robert EVERETT d/b/a
Everett's Garage.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1991.

Decided Dec. 11, 1991.

Joel C. Martin (orally), Petruccelli & Martin, Portland, for plaintiff.

Burton G. Shiro (orally), Shiro & Shiro, Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Contrary to the contention of the defendant Robert Everett, we hold that his appeal from an order of the Superior Court (Cumberland County, *Brennan, J.*) granting the motion of the plaintiff, Cumberland Farms, Inc., for a preliminary injunction does not fall within the "death knell" exception to the final judgment rule and accordingly dismiss his appeal.

Cumberland Farms owns a convenience store and gas station located on Main Street in Norridgewock directly across from a gas station owned and operated by Everett. Everett displayed a sign on his property with an arrow pointing in the direction of the Cumberland Farms store, which stated

ASK THEM ABOUT BAD GAS
MILLION DOLLAR FINE N.Y.
NO ALCOHOL IN OUR GAS
NO WATER IN OUR MILK

Cumberland Farms brought the present action against Everett seeking a preliminary and permanent injunction restraining Everett from publishing false statements injurious to its reputation and business and an award of damages for injuries caused to it by such false statements. After a hearing, the trial court granted the motion of Cumberland Farms for a preliminary injunction enjoining Everett from "stating directly or by implication that [Cumberland Farms] has added alcohol to its gas, or water to its milk, or in any other way acted illegally or deceptively in the conduct of its business," and Everett appeals.

■ Everett contends that the trial court erred in granting the preliminary injunction. He argues, as he did before the trial court, that his sign is commercial speech and as such is entitled to the constitutional protections of the first amendment. Everett relies on his challenge to the sufficiency of the evidence to support the trial court's findings to bring his appeal within the narrow strictures of the "death knell" exception. Our judicially imposed prudential final judgment rule generally forecloses the appeal of an interlocutory order such as a preliminary injunction. We have, however, delineated a few narrow exceptions to the final judgment rule. The death knell exception allows an appeal to be taken from an interlocutory order when the delay of review until final judgment would result in irreparable injury to the party seeking appellate review. *See Myerowitz v. Howard,* 507 A.2d 578, 579–80 (Me.1986).

■ In determining that the death knell exception is triggered by the limited injunc-tion issued by the trial court, Everett relies on *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), a case readily distinguishable from the present one. In *Elrod,* the irreparable injury complained of was the discharge or threatened discharge of civil service employees because of their political beliefs and associations, values that cut to the heart of the first amendment's guarantees. In the instant case, the irreparable injury claimed by Everett is the temporary restraint of his continued publication of unsubstantiated, defamatory commercial speech. Everett does not challenge the well-established law that the same level of constitutional protection is not required for commercial speech as for noncommercial speech and that by reason of its subordinate position "in the scale of First Amendment values" certain modes of regulation of commercial speech are allowed that might be impermissible if imposed on noncommercial speech. *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 456, 98 S.Ct. 1912, 1918–17 56 L.Ed.2d 444 (1978).

■ The court has authority in its discretion to regulate the commercial conduct of a litigant during the pendency of an action by the issuance of a preliminary order of restraint. The court does not lose this power to regulate whenever commercial speech is a component of that conduct. The court, as it did in the present case, need only determine that the litigant seeking the preliminary injunction has established by a preponderance of the evidence the four factors set forth in *Ingraham v. Univ. of Maine at Orono,* 441 A.2d 691, 693 (Me.1982).[1] There can be no constitutional objection to the suppression of false, defamatory commercial messages. *See Central Hudson Gas & Elec. Corp. v. Public Service Comm'n of New York,* 447 U.S. 557, 563, 100 S.Ct. 2343, 2350, 65 L.Ed.2d

---

1. Before granting a preliminary or permanent injunction, the Court must find that four criteria are met:
   (1) that plaintiff will suffer irreparable injury if the injunction is not granted,
   (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant,
   (3) that plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility),
   (4) that the public interest will not be adversely affected by granting the injunction. *Ingraham,* 441 A.2d at 693.

341 (1980). Everett cites no authority, nor can he, to support his claim that he has been irrevocably injured because his harmful conduct temporarily regulated by the trial court was in the form of commercial speech. Everett's challenge to the sufficiency of the evidence to support the trial court's findings clearly does not fall within the death knell exception, and accordingly, his appeal should be dismissed.

The entry is:

Appeal dismissed.

McKUSICK, C.J., and ROBERTS and COLLINS, JJ., concurring.

WATHEN, Justice, with whom CLIFFORD, Justice, joins, dissenting.

I must respectfully dissent. Contrary to the suggestion made in the court's opinion, defendant does not rely on *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) to support the conclusion that the death knell exception is triggered by a preliminary injunction. Defendant correctly cites *Elrod* for the proposition that "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 373, 96 S.Ct. at 2690. With that fact in mind, we turn to the application of our own prudential rule regulating interlocutory appeals. The death knell exception to the final judgment rule has expressed our determination that justice is served by reviewing interlocutory orders if such review is necessary in order to avoid the possibility of irreparable injury. I disagree with the court's application of the death knell exception in this case.

It is irrelevant that the constitution affords less protection to commercial speech than it does to other types of speech. Commercial speech is not completely unprotected and defendant claims that his speech falls within the protection afforded by the first amendment. If he is correct, the preliminary injunction prevents the exercise of his constitutional rights and results in irreparable injury. Until we rule on the merits, we should operate on the assumption that he may be correct rather than assume, as the court appears to have done, that his speech constitutes unsubstantiated defamation. I would accept the appeal and decide the case on its merits.