**June A. RICE**

v.

**Albert P.C. LEFEBVRE, et al.**

v.

**HOYT'S NECK ASSOCIATION.**

Supreme Judicial Court of Maine.

Argued May 12, 1993.

Decided May 17, 1993.

Albert P.C. Lefebvre (orally), pro se.

James C. Hunt (orally), Robinson, Kriger, McCallum & Greene, Portland, for Hoyt's Neck Ass'n.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

PER CURIAM.

Defendant/third-party plaintiff Albert P.C. Lefebvre appeals from an order entered in the Superior Court (York County, *Brennan, J.*) requiring him to pay the third-party defendant Hoyt's Neck Association's attorney fees as a sanction for his violation of an order of the court (*Cole, J.*) prohibiting him from filing any further claims for relief against the Association in this case. Because Lefebvre has failed to present any argument challenging the validity of the order from which he appeals, we affirm. Moreover, because we find Le-

febvre's appeal to be frivolous, we impose sanctions pursuant to M.R.Civ.P. 76(f).

We exercise our power to sanction pursuant to Rule 76(f) only in "egregious cases" in which the appellant could not reasonably be expected to prevail on his appeal. *See Voignier v. Bittner,* 609 A.2d 709, 710 (Me.1992); *Daicy v. Warren,* 600 A.2d 406, 408 (Me.1991). This is such a case. Not only are Lefebvre's briefs unpersuasive, they are devoted entirely to issues beyond the scope of our procedural order permitting this appeal. Indeed, Lefebvre does not even address the one issue properly before us—namely, the propriety of the Superior Court's imposition of sanctions on him for his violation of the court's order. This appeal has increased the cost of the litigation, delayed its outcome, and dissipated the time and resources of the Law Court. *See New Maine Nat'l Bank v. Nemon,* 588 A.2d 1191, 1194 (Me.1991).

The entry is:

Judgment affirmed.

Albert P.C. Lefebvre shall pay to the Hoyt's Neck Association $500 toward its attorney fees, plus treble costs.

All concurring.