**June A. RICE**

v.

**Albert P.C. LEFEBVRE, et al.**

v.

**Samuel P. BRADY, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 3, 1993.

Decided Dec. 9, 1993.

Albert P.C. Lefebvre, Biddeford, for appellants.

James M. Bowie, Elizabeth Knox, Thompson & Bowie, Mark Lavoie, Davie Herzer, Jr., Norman, Hanson & Detroy, Thomas Allen, S. James Levis, Jr., Drummond, Woodsum, Plimpton & MacMahon, Portland, for appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

PER CURIAM.

■ Albert P.C. Lefebvre and his wife, Celine, appeal from two orders entered in the Superior Court (York County, *Fritzsche, J.*) in favor of plaintiff June Rice and third-party defendants Samuel P. and Janice A. Brady and Edward J. and Susan D. Sklanka. Although only one of the orders was certified as a final judgment pursuant to M.R.Civ.P. 54(b), we elect to review the other order to avoid an unnecessary burden on the plaintiff and the trial court. As we have done previously, *see Rice v. Lefebvre v. Hoyt's Neck Ass'n*, 624 A.2d 1232 (Me.1993) (per curiam), we find the Lefebvres' appeal to be frivolous and impose sanctions while affirming the decisions of the Superior Court.

Lefebvre, an attorney representing himself and his wife, contends that the court erred (1) in not assigning his case to a single justice, (2) in denying the asserted claims of husband-wife and lawyer-client privilege, and (3) in ordering him to withdraw from representing his wife pursuant to M.Bar R. 3.5(b). Lefebvre also argues that sanctions assessed against him for failure to comply with the court's orders constitute cruel and unusual punishment, in violation of both the United States and Maine Constitutions. Last, Lefebvre contends that the court erred in dismissing the third-party action and entering a partial default judgment in favor of the Bradys and Sklankas on the basis of his steadfast refusal to comply with the discovery rules.

■ As we stated in Lefebvre's previous appeal, there is no merit whatsoever in any of his arguments. A review of the record shows his claims to be entirely frivolous. The court did not abuse its discretion in failing to assign Lefebvre's case to a single justice. *See Gagne v. Cianbro Corp.*, 431 A.2d 1313, 1318 (Me.1981). The testimonial privileges on which Lefebvre relies do not relieve him of the necessity to invoke them by a proper response to discovery requests. *Battryn v. Indian Oil Co.*, 472 A.2d 937, 941 (Me.1984); *see also* Field & Murray, *Maine Evidence* §§ 502.4, 504.1 (1987). Lefebvre identifies no specific instance when he properly invoked a claim of privilege that was incorrectly denied by the trial court.

■ The sanctions imposed against him do not violate either the state or the federal constitutional prohibitions against cruel and unusual punishment. *State v. Alexander*, 257 A.2d 778, 782 (Me.1969). Moreover, the court's granting of the motion for a partial summary judgment is a permissible sanction for Lefebvre's adamant refusal to comply with discovery requirements. M.R.Civ.P. 37(b)(2); *Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me.1986).

■ Finally, M.Bar R. 3.5(b) requires that a lawyer withdraw from representation if the lawyer is likely to be called as a witness. Contrary to Lefebvre's contention, the court's enforcement of that rule did not serve to dissolve the Lefebvres' marriage, nor did the court exceed its authority by imposing sanctions for Lefebvre's failure to withdraw. Although the Supreme Judicial Court has promulgated procedures governing attorney discipline, "courts are not thereby deprived of their inherent power to take other appropriate actions in a case before them to protect the integrity of the judicial system." *State v. Grant*, 487 A.2d 627, 629 (Me.1985). The Superior Court had the power to sanction lawyer conduct that was inimical to the integrity of the judicial proceeding

before it. *Id.* at 629–30 (Me.1985); *State v. Grant,* 510 A.2d 240, 242 (Me.1986).

Once again, we impose sanctions pursuant to M.R.Civ.P. 76(f).

The entry is:

Judgments affirmed.

Albert P.C. Lefebvre shall pay $500 toward attorney fees and treble costs each to appellees Brady and to appellees Sklanka.