June A. RICE

v.

Albert P.C. LEFEBVRE.

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1994.

Decided July 11, 1994.

S. James Levis, Levis & Hull, Biddeford, for plaintiff.

Albert P.C. Lefebvre, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and RUDMAN, JJ.

PER CURIAM.

In *Rice v. Lefebvre v. Hoyt's Neck Ass'n,* 624 A.2d 1232 (Me.1993) (per curiam), we affirmed a sanction imposed on Albert P.C. Lefebvre for violation of a Superior Court order prohibiting him from filing any further claims against the association. Our procedural order had limited the appeal of the interlocutory order to a single issue that Lefebvre failed to address in his brief. We imposed sanctions pursuant to M.R.Civ.P. 76(f).

In *Rice v. Lefebvre v. Brady,* 634 A.2d 963 (Me.1993) (per curiam), we affirmed the dismissal of Lefebvre's third-party action against Samuel P. and Janice A. Brady and Edward J. and Susan D. Sklanka and the entry of a default against Lefebvre on the complaint of June A. Rice. We noted that only the dismissal had been certified as a final judgment pursuant to M.R.Civ.P. 54(b). We proceeded to address all of the issues raised by Lefebvre in his brief because they were patently without merit and we hoped to avoid an unnecessary burden on plaintiff Rice. We again imposed sanctions for Lefebvre's frivolous appeal.

■ While the second appeal was pending, the Superior Court (York County, *Fritzsche, J.*) proceeded to a hearing on the assessment of damages against Lefebvre on Rice's complaint. The court's action was proper because the order defaulting the defendant was technically not before us on the earlier appeal. After the entry of a judgment for compensatory damages, punitive damages, and attorney fees, Lefebvre once again appealed and moved for consolidation of this third appeal with the second appeal. We denied the motion in order to avoid further delay to third-party defendants Brady and Sklanka. We now address what we trust will be the final chapter in this litigation, and affirm the judgment awarding damages and attorney fees.

■ Contrary to Lefebvre's contention, the judgment of the trial court was constitutionally sound. In *Rice v. Lefebvre,* 634 A.2d 963, we rejected Lefebvre's claim, repeated here, that the interspousal and attorney-client privileges are constitutionally protected and entitle him to ignore the rules of discovery. Those privileges are "anchored in Anglo–American common law rather than in specific constitutional guarantees." *State v. Willoughby,* 532 A.2d 1020, 1022 n. 4 (Me. 1987); *see generally Northup v. State,* 272 A.2d 747, 751–52 (Me.1971). Nor did Lefebvre suffer any violation of his right to due process. *Michaud v. City of Bangor,* 159 Me. 491, 493, 196 A.2d 106 (Me.1963); *see also* U.S. Const. amend. XIV; Me. Const. art. I, § 6. Accordingly, he has no basis for asserting a cause of action pursuant to 42 U.S.C. § 1983 (1986) for deprivation of his civil rights.

The award of damages and attorney fees was fully warranted. *See Rice v. Lefebvre,* 634 A.2d at 964–65; *Currier v. Cyr,* 570 A.2d 1205, 1210 (Me.1990); *Tuttle v. Raymond,* 494 A.2d 1353, 1361 (Me.1985). Because this appeal is as frivolous as Lefebvre's prior appeals, we once again impose sanctions pursuant to M.R.Civ.P. 76(f).

The entry is:

Judgment affirmed.

Albert P.C. Lefebvre shall pay $500 toward attorney fees and treble costs to June A. Rice.

All concurring.