STATE OF MAINE                          BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                          Location: Portland
                                        Docket No.: BCD-CV-14-23 ✓

GEORGE DENNEY,                    )
                                 )
              Plaintiff,          )
                                 )
     v.                          )
                                 )
JAMES G. STANLEY, et al.         )
                                 )
              Defendants.         )
                                 )

ORDER ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Before the Court is Defendants' Motion to Compel Production of four emails identified in the Plaintiff's Privilege Log as protected by the attorney-client privilege. Defendants also seek *in camera* review of three emails listed on Plaintiff's Privilege Log as withheld due to the work product privilege.

## DISCUSSION

### A. Attorney-Client Privilege

"The purpose of the attorney-client privilege is to encourage clients to make full disclosure to their attorneys and to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 18, 742 A.2d 933 (quotation marks and internal citations omitted). Pursuant to M.R. Evid. 502 (b):

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing the contents of any confidential communication:

1

(1) Between the client or the client's representative and the client's lawyer or lawyer's representative;

(2) Between the lawyer and the lawyer's representative;

(3) By the client, the client's representative, the client's lawyer, or the lawyer's representative to a lawyer representing another party in that pending action concerning a matter of common interest in a pending action;

(4) Between the client's representatives, or between the client and his or her representative; or

(5) Among the client's lawyers and those lawyers' representative.[1]

"Generally, disclosing attorney-client communications to a third-party undermines the attorney-client privilege." *Irving Oil Ltd. v. ACE INA* Ins., (Bus. & Consumer Ct., March 17, 2015 *Murphy, J.*) The "burden of establishing the existence of privilege is on [the] party objecting to [its] discovery." *Pierce v. Grove Mfg. Co.*, 576 A.2d 196, 199 (Me. 1990). Nevertheless, the privilege belongs to the client and "[o]nce it is waived, it cannot be later revived." Field & Murray, *Maine Evidence* § 502.5 at 220 (6th ed. 2007); *Kohl's Dept. Stores, Inc. v. Liberty Mut. Ins. Co*, BCD-CV-12-13 (Bus. & Consumer Ct. Oct. 11, 2012, *Humphrey, C.J.*).

### *1. July 21, 2014 Email*

It has been brought to the Court's attention through the pending motions that the Plaintiff's Privilege Log, as it pertains to the July 21, 2014 email, contains a typographical error in that, while the Privilege Log lists the email as being from Plaintiff to Attorneys Neal Pratt and George Dilworth, Attorney Dilworth was not in fact a recipient of the email and should not have

---

[1] A "client" is: (A) a person; (B) A public officer; (C) A corporation; (D) An association; (E) or other organization or entity, public or private; To whom a lawyer renders professional legal services, or who consults with a lawyer with a view toward obtaining professional legal services from the lawyer. M.R. Evid. 502(a)(1).

been included on the Privilege Log. Defendants seek discovery of the July 21, 2014 email if the Privilege Log should have indicate that the email was sent to Attorney George Marcus.

Because there is no indication that George Marcus was in fact copied on said email, the Court finds that this communication is protected by the attorney-client privilege as the correspondence was between Attorney Pratt and his client, the Plaintiff. Moreover, even had Attorney Marcus been copied as a recipient on this email, for the reasons outlined below the ruling would be the same. Defendants' motion is denied as to this request.

2. *Email Correspondence Between George Marcus and George Denney*

The Parties dispute the scope of the legal relationship between the Plaintiff and Attorney George Marcus. Plaintiff contends that Attorney Marcus has served as his attorney for years up to the present time.[2] (Pl.s' Mot 3.) Defendants contend that Attorney Marcus does not represent Mr. Denney *in this matter* and therefore the emails between the two should not and cannot be afforded attorney-client protection.[3] (Defs.' Mot. 4.) The Defendants further contend that the emails in question are not privileged because Plaintiff was not seeking legal advice from Attorney Marcus as he is Plaintiff's former attorney. Plaintiff has retained Eaton Peabody in the present matter.

The United States District Court for the District of Maine held in *Ergo Licensing, LLC v. Carefusion 303, Inc.*, that communications made to facilitate the provision of legal services between a client and the client's former lawyer, who represented the client in the same matter at an earlier time, were protected by the attorney-client privilege. 263 F.R.D. 40, 44 (D. Me. 2009).

---

[2] In his June 29, 2015, affidavit, Mr. Denney indicated that he has sought advice from Attorney Marcus and the lawyers in his firm for many matters, including matters related to the Defendant in this case. (Denney Aff. ¶¶ 1-4.)

[3] Plaintiff has testified and his counsel has acknowledged on the record, that Attorney Marcus has never represented the Plaintiff in this matter. (Pl. Dep. 45: 18-24; 159:17-160:20.)

In this case, the Plaintiff has retained the legal services of Attorney Marcus in the past relating to actions involving the Defendant. (Denney Aff. ¶¶ 1-4.)

In Maine, "a client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of any confidential communication . . . between the client . . . and the client's lawyer." M.R. Evid. 502(b)(1). A "client" is . . . [a] person . . .[t]o whom a lawyer renders professional legal services, or who consults with a lawyer with a view toward obtaining professional legal services from the lawyer." M.R. Evid. 502(a)(1). "A communication is 'confidential' if it is made to facilitate the provision of legal services to the client and is not intended to be disclosed to any third party other than those to whom the client revealed the information in the process of obtaining professional legal services." M.R. Evid. 502(a)(5).

In this case the email in question is titled "Draft Complaint for Fraudulent Transfer." While Plaintiff has not retained Attorney Marcus in this action, the subject of the communication indicates that Mr. Marcus was furnishing legal services to the Plaintiff. This is sufficient to deem Plaintiff a "client" under the Maine Rules of Evidence. Because the email was made to facilitate the provision of legal services to the Plaintiff and was not intended to be disclosed to third parties, the Court finds that the email is protected by the attorney-client privilege. Defendants' motion with respect to correspondence between Attorney Marcus and Plaintiff is denied.

2. Emails between Plaintiff, Attorney Marcus, and Michael Liberty

Defendants contend that emails between Mr. Marcus, the Plaintiff, and Michael Liberty cannot be protected by the attorney-client privilege as Mr. Liberty is a third-party and a communication from a non-party to lawyer who is not representing the party cannot be considered privileged. Defendants further contend that the fact Mr. Marcus may represent Mr.

4

Liberty does not bestow upon the Plaintiff any right to assert the attorney-client privilege as to those emails. Plaintiff contends that the communications from Michael Liberty to Attorney Marcus and the Plaintiff fall within the scope of the common interest or joint client rule, which affords protection of the attorney-client privilege to the March 26, 2012 emails.

Generally, "[a] person who has a privilege . . . waives the privilege if the person or the person's predecessor while holding the privilege voluntarily discloses or consents to the disclosure of any significant part of the privileged matter." M.R. Evid. 510(a). In Maine, a "common interest" rule is embedded in the attorney-client privilege. Said rule preserves the confidentiality of privileged information if disclosures are made to certain third parties and their attorneys, concerning a matter of common interest in a pending action. The rule states:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of any confidential communication . . . [b]y the client, the client's representative, the client's lawyer, or the lawyer's representative to a lawyer representing another party in that pending action concerning a matter of common interest therein.[4]

M.R. Evid. 502(b)(3). However, the mere fact that communications are made between parties with similar interests is insufficient to trigger the rule. Rather, only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." *U.S. v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989).

In this case, the email correspondence contains the subject lines "Stanley Litigation and Background Facts about the Stanley Litigation" and "Word for the Day – Message from James Stanley." This does not give the Court enough guidance as to whether the parties to the email

---

[4] *See In re Grand Jury Subpoena*, 274 F.3d 563, 567 (1st Cir. 2001) (noting "the joint defense privilege protects communications between an individual and an attorney for another when the communications are part of an ongoing and joint effort to set up a common defense strategy. Because the privilege sometimes may apply outside the context of actual litigation, what is called a joint defense privilege is more aptly termed the common interest rule.")

were exercising a common interest. Thus, the Court will review the documents *in camera* to determine if the doctrine applies.

## B. Documents Withheld Because of the Work Product Privilege

Defendants seek discovery of three emails listed in Plaintiff's Privilege Log as protected work product. The purpose of the work-product doctrine is to "promote the adversary system by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation." *Springfield Terminal Ry. Co. v. Dep't of Transp.*, 2000 ME 126, ¶ 19, 754 A.2d 353. Maine Rule of Civil Procedure 26(b)(3) protects documents created in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."[5]

In Maine, the party seeking protection from the work product doctrine "must show that the documents were prepared *principally or exclusively* to assist in anticipated or ongoing litigation." *Springfield Terminal*, 2000 ME 126, ¶ 17, 754 A.2d 353 (citing *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (emphasis added)). "[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* ¶ 17 (citing *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d

---

[5] "Rule 26(b)(3) . . . contemplates a preliminary analysis by the trial court to determine whether the party seeking to protect the material from disclosure has met its burden of establishing that the document is work product." *See* M.R. Civ. P. 26(b)(3). "If that burden is met, the burden then shifts to the party seeking disclosure to demonstrate that it has substantial need of the materials and cannot obtain the document otherwise without undue hardship." *Springfield Terminal*, 2000 ME 126, ¶ 14, 754 A.2d 353 (citing M.R. Civ. P. 26(b)(3))." Finally, even if the party seeking disclosure can establish substantial need and undue hardship, documents or parts of documents, containing "mental impressions, conclusions, opinions, or legal theories of an attorney" shall not be disclosed. *See id.*

Cir. 1979)). Moreover, it is not just the work of the attorney that is protected. Also protected are documents created by the party or the party's representatives, as long as they are created in anticipation of litigation. *Id.* ¶ 18; *see also* M.R. Civ. P. 26(b)(3). "A remote possibility of litigation is insufficient," however, "and some courts even have found the likelihood of litigation to be a deficient showing, requiring a substantial probability with commencement imminent." *Springfield Terminal,* 2000 ME 126, ¶ 19, 754 A.2d 353 (internal citations omitted).

### 1. *November 13 and 14 Emails*

Defendants contend that the November 13 and 14 emails do not appear to be attorney work product. Maine Rule of Civil Procedure 26(b)(4)(C) states:

> Communications between the party's attorney and any testifying expert witness, regardless of the form of the communications . . . are protected from discovery except to the extent that the communications (i) relate to or contain information about compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

> Communications between the party's attorney and any testifying expert witness not meeting one or more of the above three criteria may be obtained in discovery only (i) as provided in Rule 35(b) or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

In this case there is some ambiguity as to whether the correspondence in question was between the Plaintiff's attorney and the Plaintiff's expert witness, Mr. Powers. The Court finds that neither Mr. Powers nor Mr. Pratt drafted the subject emails. In the November 13 email both were merely copied to the communication. In the November 14 email Mr. Powers was the recipient and Mr. Pratt was copied. Maine Rule of Civil Procedure 26(b)(4)(C) is clear that to be protected from discovery, the communication must be "between the party's attorney and any testifying expert witness." While Mr. Powers and Mr. Pratt were not active participants in

7

communication, they were included in the communication in such a manner that allowed them to freely respond and to read the responses of others within the communication chain. Further, the subject line of the two emails suggests that the communication specifically involves Mr. Powers involvement as an expert witness. Thus, the Court will review the two emails *in camera* to determine whether they are protected from discovery.

## 2. *January 20, 2015 Email*

Defendants contend that the January 20, 2015 email is discoverable because M.R. Civ. P. 26(b)(3) does not contemplate protection when confidential information is disclosed to a third-party. Generally, disclosing confidential information to a third-party[6] will waive the attorney-client privilege. M.R. Evid. 510. However, case law in Maine and in other jurisdictions indicates that to waive work-product privilege by means of disclosure to a third-party, said disclosure must be made to an adversary. *Warren v. Preti, Flaherty, Beliveau & Pachios, LLC*, 2013 Me. Super. LEXIS 111, *46 (Me. Super. Ct. Mar. 26, 2013) (citing *Grumman Aerospace Corp. v. Titanium Metals Corp. of Am.*, 91 F.R.D. 84, 90 (E.D.N.Y.1981); *Chubb Integrated Sys. Ltd. v. Nat'l Bank*, 103 F.R.D. 52, 67 (D.D.C.1984)).

In this case, the subject communication was sent from Plaintiff's attorney Mr. Brewster to Plaintiff's expert Mr. Powers. Attorney Marcus, Attorney Pratt and Elisa McPhee were copied on the email. Contrary to the Defendants' contention, none of the parties is adverse to the Plaintiff in this action and none of the parties' receipt of the communication creates a greater likelihood that the communication will be disclosed to an adverse party. This email is protected by the work product privilege because it was created in anticipation of litigation and the Defendants have failed to show their substantial need for discovery of the email.

---

[6] The Court found above that the communication between Attorney Marcus and Plaintiff was protected in previous email correspondence.

8

## CONCLUSION

Based on the foregoing the entry shall be:

1. Defendants' Motion to Compel is DENIED as to:

   - July 21, 2014 email between Plaintiff and Attorney Pratt;
   - 5/12 email between Attorney Marcus and Plaintiff;
   - 1/20/2015 email between Attorney Brewster and Marc Powers.

2. The Court will review the following documents *in camera*:

   - 3/26/12 emails between George Marcus, Michael Liberty, and George Denney;
   - November 13 and 14 emails between Marc Powers, Bob Johnson, and Neal Pratt.

   Plaintiff's counsel will file unredacted copies of these documents under seal within 14 days of this Order.

Pursuant to M.R. Civ. P. 79(a), the Clerk is herby directed to incorporate the Order by reference in the docket.

Dated July 28, 2015

_____
A.M. Horton, Justice
Business and Consumer Court

9

**George Denney v. James G. Stanley, et al.**

**BCD-CV-14-23**

**George Denney**

    **Plaintiff**

        Counsel:                  *Seth Brewster, Esq.*
                                    One Portland Square 7th floor
                                    PO Box 15235
                                    Portland, ME 04112-5235

**James G. Stanley, et al.**

    **Defendant**

        Counsel:                  *George Dilworth, Esq.*
                                      84 Marginal Way Suite 600
                                    Portland, ME 04101-2480