STATE OF MAINE
Cumberland, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. PORSC-CV-2022-00001

MARK KLEIN, )
)
Plaintiff, )
)
v. )
)
THOMAS HALLETT, )
)
DANIEL FELDMAN, )
)
and )
)
THOMAS F. HALLETT LAW )
OFFICES, P.A., )
)
Defendants. )

DISCOVERY ORDER

REC'D CUMB CLERKS OF(
FEB 7 '24 AM9:19

This matter came before the Court through the Defendants' letter, dated February 24, 2023, requesting a discovery conference pursuant to M.R. Civ. P. 26(g). The conference was held telephonically on July 31, 2023.[1] In attendance were Attorney Jeffrey Bennett, on behalf of the Plaintiff, and Attorneys Bodie Colwell, Russell Pierce, and Dan Field, on behalf of the Defendants. At the start of the conference, Attorney Bennett stated the Plaintiff would be producing additional privilege logs. Attorneys Colwell and Pierce further advised the Court that additional issues outlined in the Defendants' Rule 26(g) letter had been resolved, leaving four (4) discovery issues in dispute: (1) Plaintiff's communications with other lawyers prior to or during the time he was represented by the Defendants, concerning the same subject matter on which the Defendants represented the Plaintiff;[2] (2) the amount the Plaintiff paid, from any source, to the Defendants for the legal services provided by the Defendants regarding the action against the

---

[1] The Defendants also filed supplemental requests dated March 9, 2023, and May 8, 2023.
[2] (See Defs.' Rule 26(g) Letter ¶ 2 (Feb. 24, 2023).)

1

Plaintiff's ex-wives, Docket No. PORSC-CV-2018-00377 (the underlying action);[3] (3) all medical records from the Plaintiff's primary care provider from 2010 to 2017;[4] and (4) all of the Plaintiff's communications and postings on social media relating to his ex-wives and/or the Defendants.[5] The Court addresses these issues in order.

### 1. The Plaintiff's Communications with Other Lawyers

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[] . . . ." M.R. Civ. P. 26(a). A party withholding information on the grounds that it is privileged "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege . . . ." M.R. Civ. P. 26(b)(5)(A).[6] A party's reliance on the assertion of privilege does "not relieve [him] of the necessity to invoke [the privilege] by a proper response to discovery requests." Rice v. Lefebvre, 634 A.2d 963, 964 (Me. 1993) (citation omitted). The party asserting the privilege has the burden of demonstrating "with sufficient specificity which material requested . . . should be protected . . . and why these materials should be protected." Pierce v. Grove Mfg. Co., 576 A.2d 196 (Me. 1990).

The attorney-client privilege protects from disclosure "the contents of any confidential communication" made "[b]etween the client . . . and the client's lawyer." M.R. Evid. 502(b)(1). A client is defined as "[a] person[] . . . [t]o whom a lawyer renders professional legal services, or who consults with a lawyer with a view toward obtaining professional legal services from the

---

[3] See id. at ¶ 6.
[4] See id. at ¶ 4.
[5] (See Defs.' Rule 26(g) Letter 2 (May 8, 2023).)
[6] The purpose of M.R. Civ. P. 26(b)(5)(A), which is "a verbatim adoption of its federal counterpart," is "to provide a procedure for identifying information or material withheld under a claim of privilege or work product." M.R. Civ. P. 26 advisory committee's note to 2007 amend., Dec. 2007.

2

lawyer." M.R. Evid. 502(a)(1). A lawyer is "[a] person authorized to practice law in any state or nation." M.R. Evid. 502(a)(3). A communication is "confidential" when it "is made to facilitate the provision of legal services to the client and is not intended to be disclosed to any third party other than those to whom the client revealed the information in the process of obtaining professional legal services." M.R. Evid. 502(a)(5). Even if the attorney-client privilege attaches to certain communications, it does not protect them from disclosure when an exception to the privilege applies or when the privilege has been waived. See M.R. Evid. 502(d), 510.

Here, the Defendants requested production of all communications between the Plaintiff and other lawyers, prior to or during the time he was represented by the Defendants, on the same subject matter on which he was represented by the Defendants. The Plaintiff has objected to this request by asserting that the information sought is protected by the attorney-client privilege. On February 15, 2023, subject to that objection, the Plaintiff responded to Interrogatory No. 6 by providing a list of names including Defendant attorneys, their associates, and staff, describing the nature of the consultation "as part of the attorney-client relationship."[7] (Defs.' Ex. C, at 7.) The Plaintiff also listed six other attorneys, identifying the nature of each consultation as "confidential."[8] (Defs.' Ex. C, at 7.) No dates of any disclosed consultations were provided. (Defs.' Ex. C, at 7.)

As of the date of the discovery conference, the Plaintiff had provided one (1) privilege log summarizing communications between himself and Attorney Jamieson. (Defs.' Ex. D.) At the conference, the Plaintiff represented that additional privilege logs were forthcoming. On

---

[7] Interrogatory No. 6 requested identification of "each person with whom [the Plaintiff] consulted in connection with [the underlying action], including the dates he consulted with each person . . . and the nature of the consultation." (Defs.' Ex. C, at 7.)

[8] The Plaintiff listed Attorneys Neil Jamieson, Karen Wolf, Michael Waxman, Ken Altshuler, Sarah Mitchell, and Dana Prescott. (Defs.' Ex. C, at 7.) Also listed was Susan Hasson, Esq., a "friend" with whom the Plaintiff consulted "likely in 2018." (Defs.' Ex. C, at 9.)

3

August 22, 2023, the Plaintiff provided a privilege log summarizing his communications with Attorney Mitchell and a privilege log summarizing his communications with Attorney Whipple. (Defs.' Exs. E, F.) Attorney Whipple is employed by the Defendant law firm. (See Defs.' Mot. Compel 4.)

Because the Plaintiff bears the initial burden of demonstrating the applicability of the privilege to the communications at issue, he must properly invoke privilege by producing descriptions of those communications with sufficient specificity for the Defendants to assess whether the privilege attaches. The privilege logs already produced by the Plaintiff are a generally acceptable format for this purpose.

Therefore, the Court ORDERS the Plaintiff to respond to the Defendants' discovery requests by providing privilege logs summarizing all communications requested with respect to which the Plaintiff is asserting the privilege, with sufficient specificity for the Defendants to assess the applicability of the privilege, by April 1, 2024.

## 2.     The Amount Paid to the Defendants by the Plaintiff

The Defendants requested information regarding payments made by the Plaintiff for their legal services, regardless of the source of the funds. The Defendants stated this request was relevant to the issue of damages. The Plaintiff is not opposed to providing this information but advised the Court some of the bills were paid by his mother with a credit card. The Plaintiff advised that his mother had passed away, and that because the probate of her estate had not yet begun at the time of the 26(g) conference, the Plaintiff had been unable to access his mother's credit card statements. The Plaintiff advised the Court that her heirs were waiting for the appointment of a personal representative in the probate court, and that he could not admit or

4

deny the total amount he paid to the Defendants until after the personal representative of his mother's estate was appointed.

The Court ORDERS the Plaintiff to provide this requested discovery to the Defendants within fourteen (14) days of the date of this Order. If the Plaintiff's mother's estate has not begun probate by then, the Plaintiff may file a motion to extend the date and must also advise the Court of the current status of the probate of his mother's estate and a reasonable estimate of when the requested information will be forthcoming.

### 3. All Medical Records from the Plaintiff's Primary Care Provider from 2010 to 2017

The Defendants seek the Plaintiff's medical records from his primary care provider to establish a baseline for his emotional well-being from 2010 through 2017.[9] The Defendants advised the Court their representation of the Plaintiff in the underlying action began on November 22, 2016.[10] The Plaintiff is not opposed to providing additional medical records but argues going back to 2010 is unreasonable, and he asks the Court to set a later date for the beginning of the date range encompassing documents he must provide.

The Court ORDERS the Plaintiff to provide all medical records from his primary care provider, from November 22, 2011, through January 1, 2017, to the Defendants within fourteen (14) days from the date of this Order. The Court finds that a timeframe beginning five (5) years before the earliest date this cause of action may have arisen is reasonable.

### 4. All Postings on Social Media Relating to the Plaintiff's Ex-Wives and/or the Defendants

The Defendants seek discovery of all the Plaintiff's social media communications and postings related to the Plaintiff's ex-wives and the Defendants. The Plaintiff has responded that

---

[9] The Plaintiff has already provided his medical records from 2018 to the present.
[10] This is the date of the letter in which the Plaintiff engaged the Defendants' services.

the Defendants are only entitled to social media postings that are public and that any private social media postings are "private" in nature, like a diary. Social media content is generally not privileged or protected by any special privacy rights, regardless of the privacy settings an individual account owner may have selected on their social media account. However, as with all discovery requests, the party seeking access must make a threshold showing that the requested information is "relevant to the subject matter involved in the pending action." M.R. Civ. P. 26(b)(1). The subject matter of this litigation is the Defendants' representation of the Plaintiff in the underlying action involving his ex-wives, and injuries the Plaintiff sustained stemming from that action. Therefore, the Court finds all of the Plaintiff's social media postings related to his ex-wives and/or the Defendants since November 22, 2016, are relevant, and ORDERS the Plaintiff to provide all social media postings regarding his ex-wives and/or the Defendants since November 22, 2016.

Additionally, on September 13, 2023, the Defendants' attorney filed a letter indicating that on August 30, 2023, the Plaintiff produced a scanned 244-page PDF containing his Facebook Comments. That letter raises several issues regarding the Plaintiff's response. Therefore, the Court ORDERS counsel for the parties to meet *in person* within fourteen (14) days from the date of this Order and exhaust all efforts to resolve the issues regarding the Plaintiff's Facebook account. The parties shall be prepared to make reasonable agreements on all issues in dispute. Any party or counsel who does not confer in good faith may be subject to sanctions. See M.R. Civ. P. 16A(d), 37(b)(2). After such conference has occurred, the Defendants' attorney shall promptly certify to the Court in writing whether a Rule 26(g) conference with the Court is required and, if so, shall succinctly state *without argument*: (1) the particular issues or discovery requests that remain unresolved; and (2) the parties' good-faith

estimate of the amount of the Court's time needed for that conference. Upon receipt of that notification, the Clerk shall promptly schedule a discovery conference before this Court pursuant to M.R. Civ. P. 26(g)(1).

The Clerk is directed to enter this Discovery Order upon the civil docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: February 7, 2024

Hon. Patrick C. Larson
Justice, Maine Superior Court

Entered on the Docket: 02/07/2024

Plaintiff-Jeffrey Bennett, Esq./Brooke Bailey, Esq.
Defendants Hallett & Hallett Whipple & Weyrens PA-
Sigmund Schutz, Esq./Bodie Colwell, Esq.
Defendant Feldman-Russell Pierce, Esq.