Victor I. BLESSING

v.

DOW CHEMICAL COMPANY.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1986.

Decided March 2, 1987.

Fletcher & Foster, John P. Foster, East-port, Goodwin, Proctor & Hoar, Samuel Hoar (orally), Boston, Mass., for appellant.

Victor I. Blessing, pro se.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Two law firms representing plaintiff Victor Blessing, one of Boston, Massachusetts, and the other of Eastport, Maine (Attorneys), appeal an order of the Superior Court, Washington County, denying their motion to withdraw as plaintiff's counsel.[1] They contend (1) that the Superior Court's denial of their motion to withdraw falls within the "collateral order" exception to the final judgment rule, and (2) that the Superior Court abused its discretion in denying their motion to withdraw. We agree and remand the case with instructions to vacate the order denying the motion to withdraw.

On June 22, 1981, the Attorneys filed a complaint on behalf of the plaintiff in the Superior Court against the St. Regis Paper Company, Northeast Helicopter Service, Inc., and Dow Chemical Company. The complaint alleged that the plaintiff was entitled to legal and equitable relief resulting from an incident in June 1979 involving the aerial spraying of herbicides near the plaintiff's home near Dennysville.

The plaintiff entered into a contingent fee agreement with the Attorneys on April 6, 1983, in which the Attorneys were to receive one third of the gross amount collected in the litigation. The plaintiff agreed to reimburse the Attorneys for their reasonable expenses and disbursements. The parties also agreed that the Attorneys were to represent this plaintiff and others in two other pending cases arising out of the same incident, and that the Attorneys had "the right to prosecute these cases, and allocate their efforts among such cases, in whatever manner the Attorneys deem to be appropriate and in the best interests of the respective clients."

On August 22, 1985, the Superior Court accepted the stipulation of dismissal of two of the defendants, St. Regis Paper and Northeast Helicopter, following their settlement with the plaintiff. All planned discovery had been completed and there were no motions pending before the Superior Court. No trial date had been set, although at the time the Superior Court denied the motion to withdraw, a February 1986 trial date was being contemplated.

On November 12, 1985, the Attorneys moved to withdraw as plaintiff's counsel pursuant to M.R.Civ.P. 89 and M.Bar R. 3.5(c). The Boston attorney stated that he and the plaintiff had reached an impasse in the manner in which the case should be handled: "Mr. Blessing has insisted that I take actions that are contrary to my professional judgment and advice, and has refused to authorize me to take actions that I believe are necessary and appropriate." He further stated that the plaintiff's unwillingness to accept his and his co-counsel's advice had made it unreasonably difficult to carry out his professional responsibilities and that payments and expenses were not being met under the provisions of the agreement. He also stated that he had given ample notice of his intention to withdraw to both the plaintiff and defendant, but that the plaintiff had not retained successor counsel and had stated his intention to proceed pro se. Because of the confidential nature of the attorney-client communications, however, the Boston attorney indicated that he was reluctant to set forth before the Superior Court many of the relevant facts relating to the reasons for the Attorneys' motion to withdraw, but offered to do so.

At a hearing held by the Superior Court in December 1985 on the Attorneys' motion, the plaintiff indicated that he had no objection to the granting of the motion to withdraw. However, he stated that he would be unable to locate new counsel in time for a possible February 1986 trial date. Although he indicated a willingness to represent himself, he stated that he would need further time to prepare for trial. The defendant expressed concerns regarding the plaintiff's intended pro se litigation. At the close of the hearing, the court concluded:

---

**1.** The parties in the underlying litigation do not oppose this appeal, nor were they heard at oral argument.

I think that [one of the Attorneys] is correct that I cannot compel Mr. Blessing to have counsel if he is prepared to proceed and wants to proceed pro se. That's the—really the only reason that I would be granting this motion, I'm afraid. Otherwise, I think it will unduly complicate the case. While I agree that the U.S. Constitution prohibits involuntary servitude, nonetheless, having started it, I might well compel you to finish....

The court denied the Attorneys' motion to withdraw on December 31, 1985, stating the following:

Accepting that a civil litigant has a right to represent himself, that right is premised upon a good faith will to do so. In this case, Mr. Blessing's plans to proceed by himself are based principally upon consideration for [the Boston attorney]. He does not wish to impose upon unwilling counsel, but would appreciate continued assistance. The differences between counsel and client do not render a continuation of the relationship impossible in this case, and the complexity of the action requires a trained advocate.

The Boston attorney wrote to the motion justice in January, 1986, seeking a reconsideration of the court's December 31st order. He pressed his previously mentioned request that any documents filed in connection with the case be considered by the court *in camera* in the absence of opposing counsel and preferably before a justice other than the motion justice, who was specially assigned to the case and who would be the trial justice, so that the plaintiff would not be prejudiced by the disclosure of embarrassing material, and to protect the plaintiff's position regarding settlement and other areas of trial strategy from being revealed to the trial justice.[2] The plaintiff apparently refused to allow his Attorneys to engage in settlement discussions with Dow Chemical, which the plaintiff allegedly insisted on handling himself.

However, Dow apparently refused to negotiate with the plaintiff.

The court treated the Boston attorney's letter as a motion for reconsideration and rehearing in order to preserve the Attorneys' right to appeal, and then denied the motion:

As for the nature of your disagreement, the worst possibility is that you evaluate the case as patently frivolous, given the rulings made to narrow issues. I am already working on that hypothesis in addressing your motion. Your ethical concerns about pursuing such a case should be allayed by the fact that I am forcing you to do it.

As to the financial concerns, you have received, I believe, some compensation for this case as a result of the settlements with St. Regis and Northeast. The dismissals memorializing those settlements will not be final until the case ultimately concludes with Dow. Dow and the Court will have to see it through to that point, and I believe you should as well. Whatever frustration you feel, a contingent fee case always carries the risk that the recovery will not be worth the time and aggravation. In this case, I do not consider the problem to be grounds for withdrawal, in light of the complexity of the case and the prior recovery.

The Attorneys appeal the orders denying their motion to withdraw and for reconsideration.

## I.

■ The Superior Court's orders denying both the Attorneys' motion to withdraw and motion for reconsideration are interlocutory in nature. Interlocutory orders are generally not appealable under the final judgment rule. *Moshe Myerowitz, D.C., P.A. v. Howard*, 507 A.2d 578, 579 (Me. 1986).

That judicially imposed prudential rule 'helps curtail interruption, delay, duplication and harassment; it minimizes inter-

---

**2.** Certain equitable remedies were still being pursued by the plaintiff, involving the exercise of judgment by the trial justice as to the merits of his claims and as to his conduct, especially in comparison to the defendant. There also remained the possibility that trial by jury would be waived by the parties.

ference with the trial process; it serves the goal of judicial economy; and it saves the appellate court from deciding issues which may ultimately be mooted, thus not only leaving a crisper, more comprehensible record for review in the end but also in many cases avoiding an appeal altogether.'

*Id.* at 579–80, quoting *State v. Maine State Employees Association,* 482 A.2d 461, 464 (Me.1984); *see also* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (2d ed. 1970 & Supp.1981). The "collateral order" exception to the final judgment rule permits an appeal from an interlocutory order where

(1) that order involves a claim separable from and collateral to the gravamen of the lawsuit; (2) it presents a major and unsettled question of law; and (3) there would be irreparable loss of the rights claimed in the absence of immediate review.

*Moshe Myerowitz,* 507 A.2d at 580.

█ In the unique circumstances of this case the Superior Court orders fall within the collateral order exception to the final judgment rule. All three of the requirements are satisfied. The motions to withdraw and for reconsideration are collateral to the underlying litigation. The issue on appeal is a novel one in this jurisdiction and presents a major and unsettled area of law. Finally, in the absence of immediate appellate review, the Attorneys' claim will be rendered moot, and they will be compelled to represent the plaintiff in spite of the allegedly impaired attorney-client relationship.

## II.

The Attorneys sought leave to withdraw pursuant to M.R.Civ.P. 89(a).[3] The Attorneys contend that they could have withdrawn under subsection (a)(1) of that rule without leave of court but for their client's

refusal to accept substitute counsel. They were therefore required to seek leave of the court in order to withdraw under the rule. They contend that the Superior Court's denial of their motion to withdraw constituted an abuse of discretion. We agree.

█ The granting or denial of a motion of counsel to withdraw is generally within the discretion of the trial justice. *See Berry v. Berry,* 388 A.2d 108, 109–10 n. 2 (Me.1978). "[A] party attacking the propriety of the exercise of discretionary power has an obligation to demonstrate that the court's action constituted an abuse thereof." *Higgins v. Higgins,* 370 A.2d 670, 674 (Me.1977).

In construing M.R.Civ.P. 89(a), "[i]t is the underlying intent which controls and not necessarily the literal language which has been used to express that intent." *Maine Savings Bank v. DeCosta,* 403 A.2d 1195, 1199 (Me.1979). The September 1, 1973, Advisory Committee's Note to Rule 89(a) states that

The new rule does not specify what notice is to be given the client or what considerations the court should take into account on a motion by an attorney for his withdrawal. Such detail is difficult, if not impossible, to spell out in the rule because of the variety of circumstances that may prevail. In general the court should attempt to avoid prejudice to the client of the withdrawing attorney and at the same time avoid delay to the court and opposing counsel. Usually those objectives are best served by giving the client notice and opportunity to be heard, unless substitute counsel has appeared of record.

Me.Rptr., 300–307 A.2d XLI (1973).

█ In this case, the Attorneys allege that basic disagreements have arisen between counsel and client over the trial and settlement strategy, that Blessing does not

---

**3.** M.R.Civ.P. 89(a) provides the following:

**(a) Withdrawal of attorneys.** An attorney may withdraw from a case in which he appears as sole counsel for his client by serving notice of his withdrawal on his client and all other parties and filing the notice, provided

that (1) such notice is accompanied by notice of the appearance of other counsel, (2) there are no motions pending before the court, and (3) no trial date has been set. Unless these conditions are met, the attorney may withdraw from the case only by leave of court.

follow their advice, insists on their taking actions contrary to their professional judgment and refuses to allow them to take actions the Attorneys feel are necessary and appropriate. In addition, counsel allege that plaintiff refuses to pay counsel fees and expenses that the Attorneys claim are due them. In essence, their motion to withdraw is based on a claim that the attorney-client relationship has broken down and that they no longer can function properly in a role as attorneys for plaintiff. Such representations by the Attorneys, should they be substantiated, would compel the granting of the motion to withdraw unless substantial prejudice to the client or unnecessary delay would result. *See* Maine Bar Rules 3.5(b)(2)(i) & (ii), 3.5(c), 3.7(a) & (e)(1)(i); *see, e.g., Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081 (7th Cir.1982); *Statue of Liberty v. International United Industries, Inc.*, 110 F.R.D. 395 (S.D.N.Y.1986); *Sobol v. District Court of Arapahoe County*, 619 P.2d 765 (Colo.1980); *Custom Builders, Inc. v. Clemons*, 52 Ill.App.3d 399, 10 Ill.Dec. 149, 367 N.E.2d 537 (1977).

■ Where, as here, ample notice of the intent to withdraw was given, neither the client nor opposing party objected to the withdrawal, no motions of substance were pending before the court, and no certain date for trial had been set, the court should have held an *in camera* hearing to determine the validity of the assertions if it was unable to accept the conclusory representations of the Attorneys concerning the breakdown of the attorney-client relationship. Only if the representations of counsel concerning the complete breakdown of the attorney-client relationship are not accepted by the court and upon hearing, *in camera*,[4] are found not to be substantiated, should the motion to withdraw be denied.

Here, in the absence of substantial prejudice to plaintiff and unnecessary delay, his attorneys should be allowed to withdraw should the court conclude that there has

been a complete breakdown in the attorney-client relationship. Although this case is a complex one and it would be preferable to have each of the parties represented by counsel at trial, plaintiff is entitled to represent himself in this matter before the courts. 4 M.R.S.A. § 860 (Supp.1986); Me. Const. art. I, § 2.

The entry is

Remanded to Superior Court with instructions to vacate the order denying the motion to withdraw and for further proceedings consistent with the opinion herein.

All concurring.

---

4. The justice specially assigned to this case, should he determine that an *in camera* hearing is needed, may conduct such a hearing or, in view of the sensitive nature of the materials which could be presented and the factual findings and legal conclusions which may have to be made at the trial of this matter, may request the Chief Justice of the Superior Court to asign another justice to conduct such a hearing and rule on the motion to withdraw.