## FLEET BANK OF MAINE

v.

## Melvin M. and Donna C. ZIMELMAN, et al.

Supreme Judicial Court of Maine.

Argued April 26, 1990.
Decided May 30, 1990.

---

Anthony E. Perkins (orally), Gregory Tselikis, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Jack L. Schwartz (orally), Schwartz, Wilson, Fernald & Foley, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

COLLINS, Justice.

Plaintiff, Fleet Bank of Maine (the Bank), brings this timely appeal from the denial by the Superior Court (York County, *Alexander, J.*) of its motion for the appointment of a receiver to run the property of defendants, Melvin M. and Donna C. Zimelman, pursuant to the Bank's foreclosure action against defendants. The Bank argues that the Superior Court's order is appealable under M.R.Civ.P. 73 as a collateral order exception to the final judg-

* Hornby, J., sat at oral argument and participated in the initial conference but resigned be-

ment rule. The Bank also contends that the Superior Court's order impermissibly precluded it from its contractual rights against defendants. We find the Bank's appeal to be cognizable and vacate the order of the Superior Court. .

On December 31, 1986, the Bank's predecessor in interest made a loan, evidenced by a note, to defendants for the principal amount of $718,400. On that same date, defendants delivered a mortgage deed for three commercial properties located in Old Orchard Beach to the Bank's predecessor in interest as security for the loan. Defendants are in the business of owning and renting real estate. The mortgage permits the Bank to "declare all of the sums secured by this Mortgage to be immediately due and payable ... and [to] invoke any of the remedies permitted by law, including ... foreclosure" upon the defendant's breach of any covenant of the mortgage. The mortgage also assigns the rents of the property to the Bank as additional security and provides that "[u]pon acceleration ..., [l]ender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and to manage the property and to collect the rents...." The loan agreement mandates that the rents shall be applied first to the costs of managing the property and then to the outstanding amount of the loan.

On May 23, 1989, the Bank sent defendants a notice of default and acceleration, which they refused to pay. On June 19, 1989, the Bank filed an action for foreclosure, and then filed a motion for the appointment of a receiver on September 15, 1989. The Bank contended that defendants defaulted on the loan by making late and insufficient payments, which caused added interest to accrue on the loan from its inception despite the fact that the billings were based upon interest only payments. In contrast, defendants argued that the accrual of interest was the result of the Bank's erroneous failure for 18 months to apply any portion of their payments to the

fore this opinion was adopted.

outstanding principal balance of the loan. Defendants also argued that the note was invalid because of significant alterations in the security agreement. The Superior Court denied the motion on the ground that it would give the Bank an "unfair litigation advantage" in the foreclosure action and that there was no evidence that defendants were dissipating the assets.

■ As a preliminary matter, the Bank argues that the order denying the appointment of a receiver falls under the collateral order exception to the final judgment rule and the present appeal is thus presently cognizable by this court. We agree.

"Interlocutory orders are generally not appealable under the final judgment rule." *Blessing v. Dow Chemical Co.*, 521 A.2d 1176, 1178 (Me.1987). However,

> [t]he collateral order exception to the final judgment rule allows an immediate appeal from an interlocutory order ... where (1) that order involves a claim separable from and collateral to the gravamen of the lawsuit; (2) it presents a major and unsettled question of law; and (3) there would be irreparable loss of the rights claimed in the absence of immediate review.

*Moshe Myerowitz, D.C., P.A. v. Howard*, 507 A.2d 578, 580 (Me.1986). The order at issue in this case is clearly separate and collateral to the underlying foreclosure action. It also presents an unsettled question of law in Maine of when a receiver may be appointed to collect the pledged rent during a foreclosure action. Therefore, the Bank's right to immediate appellate review turns upon the nature of the rights claimed by the Bank.

■ The Bank's rights in this case are very similar to those implicated in an attachment order. Attachment orders are a well established exception to the final judgment rule. *Royatex LTD. v. Daughan*, 551 A.2d 454, 455 n. 2 (Me.1988). "The reason for the exception is to protect the interests of the principal parties—the plaintiff's interest in preserving security for the judgment and the principal defendant's interest in protecting his property from encumbrances during the pendency of the action."

2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.2 at 435 (2d ed.Supp.1981). In the past, we have extended the collateral order exception in circumstances where the result is similar to an attachment order. *See, e.g. DiPietro v. Casco Northern Bank*, 490 A.2d 215, 218 (Me.1985) (order sustaining or dissolving trustee process immediately appealable because of its impairment of owner's rights); *Connors v. International Harvester Co.*, 437 A.2d 880, 881 (Me.1981) (exception to final judgment rule exists where impact of preliminary injunction upon property owner's rights is very similar to that of an attachment). We relied upon the attachment order rationale to extend the exception to an order discharging a plaintiff's mechanic's liens on the ground that " 'great and irreparable loss could result from depriving the ultimately successful plaintiff of his security' " as the plaintiff in that case stood to lose his status as a secured creditor. *Buckminster v. Acadia Village Resort*, 565 A.2d 313, 315 (Me.1989) (citing Field, McKusick & Wroth, *supra*).

We find that the collateral order exception extends to the order denying the appointment of a receiver in this case. The order deprives the Bank of more than $11,000 per month in rental collateral. Apart from this immediate injury, the Bank could be exposed to further loss in the event that there is a deficiency following sale at foreclosure, because the Bank would then be forced to pursue other collateral as an unsecured creditor. This is a sufficient "irreparable loss" suffered by the Bank to meet the third criterion of the collateral order exception.

■ On the merits, the Bank argues that the Superior Court's denial of its motion to have a receiver appointed deprived it of its contractual rights. The Bank contends that since defendants admit that a default has occurred, the plain meaning of the contract entitles the Bank to the appointment of a receiver regardless of the underlying cause of the default. In addition, the Bank argues that the reasons stated by the motion justice do not support the denial of the

relief the Bank sought. We agree with the Bank.

Under the terms of the mortgage instrument, the Bank's right of acceleration, which activates the provision entitling the Bank to a court-appointed receiver, is contingent "[u]pon Borrower's breach of any covenant or agreement ... in this Mortgage." It is well established that "contract language is to be construed to implement the intent of the parties ... [, and] [t]he language employed by the parties is to be construed to give effect to the plain meaning of the words used." *City of Augusta v. Quirion*, 436 A.2d 388, 392 (Me.1981). "Moreover, courts should not rewrite contracts, particularly agreements between two corporations acting at arms length." *Portland Valve, Inc. v. Rockwood Systems*, 460 A.2d 1383, 1388 (Me.1983). The evidence is clear that defendants did not make timely and sufficient payments as required by the note. The defendants make no claim that their mortgage contract with the Bank was anything other than a commercial loan agreement negotiated at arms length between knowledgeable business persons. Any advantage gained by the Bank by having a receiver appointed was freely bargained for at the time the agreement was reached. Accordingly, there is no reason not to enforce the unambiguous language of the mortgage, entitling the Bank to the appointment of a receiver. To protect the respective interests of the parties the court may make such provisions as it deems equitably necessary for the disposition of the rental monies until the underlying action is finally resolved.

The entry is:

Judgment vacated. Remanded to the Superior Court with instruction to appoint a receiver.

All concurring.