Johnny R. GALLOWAY, Appellant,

v.

Ozzie CLAY, et al., Appellees.

No. 04–CV–776, 04–CV–1002.

District of Columbia Court of Appeals.

Nov. 10, 2004.

Johnny R. Galloway, pro se.

Aaron L. Handleman and Michael Freije for appellees Leibner & Potkin, P.C., and Lane Potkin.

Before SCHWELB and GLICKMAN, Associate Judges, and NEWMAN, Senior Judge.

GLICKMAN, Associate Judge:

The issue before us is whether we have jurisdiction to entertain an interlocutory appeal of an order denying an attorney's motion to withdraw from representing a party in an ongoing proceeding in Superior Court. We hold that the order denying leave to withdraw falls within the collateral order doctrine and therefore is immediately appealable under D.C.Code § 11–721(a)(1) (2001). Accordingly, we decline to dismiss the instant appeal.

## I.

Appellant Johnny R. Galloway is the attorney of record for the plaintiffs, Ozzie Clay and two of his corporations, in their legal malpractice action against defendant-appellees Leibner & Potkin, P.C., and one of its partners. The action is in its pretrial stages; a court-ordered mediation confer-ence is set to take place on November 23, 2004.

On April 22, 2004, Galloway moved for leave to withdraw as counsel, asserting that the plaintiffs had not paid him for his services and had impeded him from properly pursuing the action on their behalf. Galloway represented that the plaintiffs consented to his withdrawal. The defendants opposed the motion, however.

Observing that Galloway knew he had a "potentially difficult client" when he accepted the representation,[1] the trial court denied his request in an order docketed on May 17, 2004. The court explained that Galloway's withdrawal "would almost certainly result in a further delay of the litigation, particularly in light of the requirement that corporations be represented by counsel, see Super. Ct. Civ. R. 101(a)(2), and the Court sees no reason why the defendants should be forced to bear the burden of that delay."

Galloway then filed a second motion to withdraw in which he asserted that a recent federal indictment of plaintiff Ozzie Clay had expanded the scope of the representation beyond the terms of his original engagement and to the point that he was no longer competent to handle the lawsuit. The trial court denied this second motion on July 26, 2004, noting that Clay's criminal defense counsel could provide whatever assistance Galloway needed to protect his client's Fifth Amendment rights in the civil case.

Galloway filed a timely notice of appeal from each of the trial court's orders.[2] On

---

1. It appears that the plaintiffs retained Galloway after the court allowed their previous counsel to withdraw.

2. No party has raised an issue concerning the trial court's jurisdiction to decide Galloway's second motion after he had noted an appeal from the court's denial of his first motion.

See Stebbins v. Stebbins, 673 A.2d 184, 189–90 (D.C.1996) (pointing out that a trial court does not always lose all power to act in a case whenever an appeal is filed regarding any aspect of the proceedings). As the twin appeals from the trial court's rulings on Galloway's two motions to withdraw arise from the same action, involve the same parties, and

July 20, 2004, we issued an order directing Galloway to show cause why his appeal should not be dismissed for lack of jurisdiction, as having been taken from an interlocutory order in an ongoing proceeding. Galloway has responded to that directive with a motion for leave to appeal in which he invokes the collateral order doctrine. The defendant-appellees have filed an opposition disputing the applicability of that doctrine, to which Galloway has filed a reply. The issue is now joined and ready for us to decide.

## II.

With immaterial exceptions, our jurisdiction over appeals from the Superior Court is confined by statute to the review of "final" orders and judgments. D.C.Code § 11–721(a)(1); *Rolinski v. Lewis,* 828 A.2d 739, 745 (D.C.2003) (en banc). "Normally, an order or judgment is deemed to be final 'only if it disposes of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered.'" *Id.* at 745–46 (quoting *In re Estate of Chuong,* 623 A.2d 1154, 1157 (D.C.1993) (en banc)). The requirement that the trial court proceeding be concluded in its entirety before an appeal may be taken "serves the important policy goals of preventing the 'unnecessary delays resultant from piecemeal appeals' and 'refrain[ing] from deciding issues which may eventually be mooted by the final judgment.'" *Rolinski,* 828 A.2d at 745 (quoting *Crown Oil & Wax Co. v. Safeco Ins. Co.,* 429 A.2d 1376, 1379 (D.C.1981)). The requirement discourages "the harassment and cost of a succession of separate [interlocutory] appeals" and fosters "efficient judicial administration." *Rolinski,* 828 A.2d at 745 n. 8 (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374,

101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (internal quotation marks and citations omitted)).

"Some trial court rulings that do not conclude the litigation nonetheless are sufficiently conclusive in other respects that they satisfy the finality requirement of our jurisdictional statute." *Rolinski,* 828 A.2d at 746. Rulings that satisfy the requirements of the so-called "collateral order doctrine," which the Supreme Court first articulated in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, (1949) "are immediately appealable to this court even though they do not terminate the action in the trial court .... Otherwise such orders would be 'effectively' unreviewable, and the rights at stake could be lost 'irreparably.'" *Rolinski,* 828 A.2d at 746 (quoting *Cohen,* 337 U.S. at 546 (1949)).

The collateral order doctrine is to be applied with caution. To be collaterally appealable, a trial court order must meet each of three conditions. The order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *see also Rolinski,* 828 A.2d at 747.

The appellate courts that have decided the question have held that an order denying an attorney's motion to withdraw satisfies these three conditions and thus is immediately appealable. *See Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537, 539–40 (7th Cir.2002); *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir.1999); *Lieberman v. Polytop Corp.,* 2 Fed. Appx. 37, 38–39 (1st

present the same issue, we consolidate them *sua sponte.*

Cir.2001); *Blessing v. Dow Chem. Co.*, 521 A.2d 1176, 1179 (Me.1987).[3] The major treatise writers appear to endorse this holding. *See* 19 MOORE'S FEDERAL PRACTICE § 202.07[1] (3d ed.2004) at 202–29 *et seq.*; 15B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.21 (2d ed. & Supp.2004) at 40–41.

The reasoning is straightforward. First, there can be no dispute that "[a]n order denying counsel's motion to withdraw 'conclusively determine(s) the disputed question, because the only issue is whether ... counsel will ... continue his representation.'" *Whiting*, 187 F.3d at 320 (quoting *Firestone*, 449 U.S. at 375–76, 101 S.Ct. 669); *accord Fidelity*, 310 F.3d at 540 (finding such an order "as final a denial as is conceivable"). Second, whether the lawyer must continue to work without pay or without the client's cooperation, despite conflicts of interest, or without having the qualifications to provide competent representation (in essence, the grounds for withdrawal that Galloway has asserted) will usually constitute issues that "are completely separate from the merits of the underlying action." *Whiting*, 187 F.3d at 320. The issue is undoubtedly an important one to the parties involved, especially since the denial of a motion to withdraw "amounts to" requiring "specific performance," *id.*,[4] and may "cause significant hardship" to the movant, *Fidelity*, 310 F.3d at 539. Third, an erroneous denial "cannot be rectified" in an appeal at the end of the case, *id.*, for by then the right at stake will have been lost irretrievably:

> [O]nce a final judgment has been entered, the harm to [the attorney] will be complete, and no relief can be obtained on appeal.... Denial of a motion to withdraw is directly analogous to a denial of immunity or of a double jeopardy claim, which are reviewable under the collateral order doctrine on the ground that having to go through a trial is itself a loss of the right involved.... The injury to a counsel forced to represent a client against his will is similarly irreparable, and the district court's decision would be effectively unreviewable upon final judgment.

*Whiting*, 187 F.3d at 320 (internal citations omitted).[5]

Our own court was confronted with an appeal from the denial of a motion to withdraw in *Banov v. Kennedy*, 694 A.2d 850 (D.C.1997). In that case, we recognized that an order denying withdrawal ordinarily would seem to satisfy all the conditions of the collateral order doctrine and therefore be appealable on an interlocutory ba-

---

3. The only decision to the contrary of which we are aware is a one-paragraph "entry order" in which the Supreme Court of Vermont dismissed an appeal from the denial of an attorney's motion to withdraw without considering the collateral order doctrine. *State v. Powell*, 168 Vt. 636, 725 A.2d 301, 302 (1998). As the *Powell* court did not pass upon the applicability of that doctrine, its opinion cannot be deemed to have decided the question. *See District of Columbia v. Sierra Club*, 670 A.2d 354, 360 (D.C.1996).

4. Quoting *Malarkey v. Texaco, Inc.*, 1989 WL 88709, at *2, 1989 U.S. Dist. LEXIS 8764, at *5 (S.D.N.Y. July 31, 1989).

5. We recognize that a trial court's ruling on a motion to disqualify opposing counsel is not appealable under *Cohen*, See *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); *Firestone*, 449 U.S. at 368, 101 S.Ct. 669. "Orders denying motions to withdraw are superficially similar." *Fidelity*, 310 F.3d at 539. However, unlike the former ruling, "which primarily affects the interests of the underlying litigants, ... an order denying counsel's motion to withdraw primarily affects the counsel forced to continue representing a client against his or her wishes." *Whiting*, 187 F.3d at 319; *accord Fidelity*, 310 F.3d at 539; *Lieberman*, 2 Fed. Appx. at 38.

sis.[6] Nonetheless, we left that issue undecided in *Banov*, preferring instead to treat the case as one in which mandamus was appropriate. *Id.* at 857. We did not decide the issue of interlocutory appealability because, apart from whether the collateral order doctrine was satisfied, "a separate vexing question" appeared to present itself. *Id.* at 856. This question, which we did not venture to answer, was whether the rule enunciated in *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and *United States v. Harrod*, 428 A.2d 30 (D.C.1981) (en banc), required Banov to disobey the trial court's order and be held in contempt before he could appeal it. *Banov*, 694 A.2d at 856–57.

*Banov* seems to be the first and only case in which any court has discussed whether the *Cobbledick* rule requiring disobedience and contempt as a precondition to an immediate appeal is applicable to an order denying counsel leave to withdraw.[7] By resorting to the extraordinary writ of mandamus, the court avoided the need to resolve the "difficult issues," 694 A.2d at 857, that this novel question appeared to pose. Despite the inconclusiveness of the discussion in *Banov*, it is evident that the members of the division entertained substantial doubt regarding whether the court had jurisdiction over a direct appeal from the order denying counsel's motion.

Nevertheless, upon renewed examination of the question of appellate jurisdiction left open in *Banov*, we conclude that the *Cobbledick* doctrine is not, in fact, applicable in the circumstances now before us. The *Cobbledick* disobedience and contempt requirement has been applied only to subpoenas and other pretrial discovery orders, and it has been applied to such orders for reasons that do not obtain in the case of denial of an attorney's motion to withdraw. *See, e.g., Firestone*, 449 U.S. at 377, 101 S.Ct. 669 ("contrast[ing]" pretrial discovery orders with other orders); *see generally* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3914.23 (2d ed.1992) at 140 *et seq.*

As this court explained in *Harrod*, absent a contempt adjudication, subpoenas and pretrial discovery orders are not immediately appealable because they typically do not satisfy the requirements of finality imposed by the collateral order doctrine. *See Harrod*, 428 A.2d at 30, 31–32 (explaining, *inter alia*, that "a subpoena or discovery order ... is not 'final' and therefore not appealable," and that "*Cohen* was never intended to apply to court orders requiring production of information from non-party witnesses"); *see*

---

**6.** We stated:

> Under the *Cohen* doctrine, [the trial judge's] order might appear at first glance to be appealable on an interlocutory basis. The order denying [the attorney] leave to withdraw conclusively determined the question of withdrawal, and is severable from and independent of the merits of the [underlying action]. More importantly, [the attorney's] claim that he is entitled to withdraw from this case cannot effectively be reviewed from final judgment because after [his client] has gone to trial, [the attorney] will have provided the legal representation, with its attendant financial and time expense, that he seeks to avoid.

694 A.2d at 856.

**7.** In holding that an order denying a motion to withdraw is appealable as a final collateral order, the Seventh, Second and First Circuits and Maine's highest court did not address the question whether the *Cobbledick* rule applies to an appeal from an order denying a motion to withdraw. (Nor did the Supreme Court of Vermont consider *Cobbledick* when it decided *Powell, see* note 3, *supra.*) The decisions of these courts therefore do not constitute authority for the proposition that the *Cobbledick* rule is inapplicable in these circumstances. *See Sierra Club*, 670 A.2d at 360.

*also Crane v. Crane,* 657 A.2d 312, 315 (D.C.1995) ("A *pretrial* order granting or denying discovery ... is not ordinarily final for purposes of appeal unless, in the case of an order granting discovery, the subject of the order refuses to comply and is adjudicated in contempt.") (citing, *inter alia, Cobbledick* and *Harrod* ) (emphasis in original). The principal reason subpoenas and discovery orders do not satisfy the collateral order doctrine is that, generally speaking, they do not "resolve an important issue completely separate from the merits of the action." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. 2454. Rather, the evaluation of such orders "often will be inextricably intertwined with the merits of the action," requiring the reviewing court to inquire, for example, into "the importance of the information sought or the adequacy or truthfulness of a response." *Cunningham v. Hamilton County,* 527 U.S. 198, 205, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (holding that an order imposing sanctions (but not contempt) on an attorney for discovery violations is not immediately appealable under the collateral order doctrine). "Such an inquiry would differ only marginally from an inquiry into the merits and counsels against application of the collateral order doctrine." *Id.* at 206, 119 S.Ct. 1915.[8]

The premise of *Cobbledick* is that a contempt adjudication is necessary in the case of subpoenas and discovery orders because such an adjudication supplies the finality that is otherwise lacking; only "[a]t that point," the Supreme Court reasoned, does "the witness' situation become[ ] so severed from the main proceeding as to permit an appeal." 309 U.S. at 328, 60 S.Ct. 540. The disobedience and contempt rule of *Cobbledick* and *Harrod* is unnecessary where the requirements of the collateral order doctrine are met and finality exists without a contempt citation. So far as we are aware, the *Cobbledick* rule never has been applied to preclude an appeal under such circumstances.

We are persuaded by the reasoning of the aforementioned cases that an order denying an attorney's motion to withdraw satisfies the collateral order doctrine. It therefore is unnecessary to import the *Cobbledick–Harrod* rule and require the attorney to disobey the court and be held in contempt in order to appeal the ruling. We eschew such a requirement not merely because it is unnecessary, however. In this context, requiring disobedience and contempt as the precondition to an appeal would mean requiring the attorney to abandon his or her client in ongoing litigation. This would be disruptive and unethical, and indeed, our Rules of Professional Conduct explicitly forbid attorneys from pursuing such a course of action. Rule 1.16(c) specifically states that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." D.C. Rules of Prof'l Conduct R. 1.16(c) (2004). The comment to this Rule expounds on this ethical duty as follows:

Paragraph (c) reflects the possibility that a lawyer may, by appearing before a tribunal, become subject to the tribu-

---

8. "Perhaps not every discovery sanction will be inextricably intertwined with the merits," the Supreme Court added, "but we have consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral." *Cunningham,* 527 U.S. at 206, 119 S.Ct. 1915. *See, e.g., Digital Equip. Corp. v. Desktop Direct,* 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (noting that appealability under the collateral order doctrine "is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a 'particular injustice' averted ... by a prompt appellate court decision") (internal citation omitted).

nal's power in some circumstances to prevent a withdrawal that would otherwise be proper. Paragraph (c) requires the lawyer who is ordered to continue a representation before a tribunal to do so. However, paragraph (c) is not intended to prevent the lawyer from challenging the tribunal's order as beyond its jurisdiction, arbitrary, or otherwise improper, while, in the interim, continuing the representation.

*See id.*, cmt. 11; *accord,* RESTATE-MENT. (THIRD) OF THE LAW GOVERNING LAWYERS § 31, cmt. c at 221 (2000) ("If the tribunal improperly requires a lawyer to continue representation, the usual remedy for the lawyer or client is to appeal the order and obey it in the meantime.").

No sound reason exists in our view to require an attorney to choose between committing an ethical violation and forfeiting the right to appeal a ruling that is appealable as of right under the collateral order doctrine. Since an order denying leave to withdraw satisfies that doctrine, we hold, therefore, that Galloway is permitted to proceed with his appeal in this case at this time. Our order to show cause is hereby discharged.

*So ordered.*

NEWMAN, Senior Judge:

I concur only in the result, *dubitante. See Banov v. Kennedy,* 694 A.2d 850 (D.C. 1997).