366-12

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket # RE-2012-217

THE OCEAN HOUSE CONDOMINIUM )
ASSOCIATION, INC., )
   Plaintiff )
          )
          )
          )
   v. )
          )
MARY P. RIVERS a/k/a )
MARY T. RIVERS a/k/a MARY RIVERS, )
   Defendant )
          )
   and )       ORDER APPOINTING RECEIVER
          )
RIVERGREEN BANK, )
YORK SEWER DISTRICT, )
MAINE DEPARTMENT OF LABOR, )
SYSCO FOOD SERVICES OF NEW )
ENGLAND, MAINE REVENUE )
SERVICES, BOOZ PROPERTIES, LLC, )
and SAVINGS BANK OF MAINE, )
   Parties-In-Interest )

    The Plaintiff, The Ocean House Condominium Association, Inc. (hereafter Ocean House), has filed a Motion for Appointment of a Receiver. This is based upon the Bylaws of the Condominium recorded at Book 3799, Page 320 of the York County Registry of Deeds, within which Article VI(E), page 13, it provides that in an action to foreclose a condominium unit the association is entitled to the appointment of a receiver to collect rents due from the occupant of the condominium unit. Ocean House has brought a foreclosure action against Mary Rivers and she is at least $77,480.78 in arrears in condominium fees and assessments per a judgment rendered against her on July 20, 2012 in the York District Court, Ocean House v. Rivers, Docket #CV-12-61. Thus, in accordance with the terms of the Bylaws and Maine law, specifically Fleet Bank of Maine v. Zimelman, 575 A.2d 731 (Me. 1990), Ocean House is entitled to the appointment of a receiver for Unit 301. The Court enters the following Order appointing a receiver for unit 301 and outlining the role of the receiver.

    The Court appoints Attorney Russell White of 647 U.S. Route One, #208, Meadowbrook Office Suites, York, Maine 03909, as receiver for Unit 301 of Ocean House located at 31 Ocean Avenue, York, Maine. The receiver shall immediately inspect Unit 301 to determine if any tenant is residing therein. If a tenant is residing therein pursuant to a bona fide lease or rental agreement for a reasonable rent then the receiver shall honor such rental agreement. If such

rental amount is not reasonable then the receiver may take any action consistent with Maine law to increase the rent. If rent is not paid or other damage is being done to Unit 301 then the receiver shall follow Maine law and may evict the tenant through a forcible entry and detainer action. If Mary Rivers is residing therein she shall be treated as a tenant and must pay a reasonable rent or be subject to an action for forcible entry and detainer under Maine law.

If the receiver determines that no tenant is residing therein then the receiver shall take possession of the Unit and rent the unit for a reasonable rent. The receiver shall file a written report with the Court within 10 days regarding whether a tenant is in the Unit or not, and the current status of the property (whether it is rented or going to be rented). Thereafter, unless ordered by the Court, no further reports need to be filed by the receiver.

If the receiver locates any personal property in the Unit he or she shall contact Mary Rivers in writing and Mary Rivers shall have 10 days from the date of the mailing of the writing to her to arrange to remove the personal property from the Unit. If it is not removed it shall be placed in storage and any cost of storage shall be deducted as a cost of renting the Unit and paid from any proceeds from renting the Unit.

If the receiver receives funds or pays expenses then he or she shall maintain books and records of all income and expenses so that this can be reported to the Court or any interested parties and such income and expenses can be proven. From any income the receiver shall pay expenses in the following order: 1)any expenses related to maintaining or renting the unit, such as brokerage fees, electricity, heat, storage fees, and any fees charged by the receiver, or like expenses; 2) the monthly condominium fees and dues owed to Ocean House, but not including any arrears and only including payment of that month's fees and assessments when income is received during a month. Any excess proceeds shall be held by the receiver pending further order of the Court. Should the income not be sufficient to pay the first listed expense then the Ocean House shall pay these expenses and they will be added to the obligation of Mary Rivers as a condominium fee or assessment owed by her to Ocean House.

Mary Rivers shall remain liable for any expenses that are not paid by the rental amount recovered by the receiver, including the first mortgage and fees and assessments owed to Ocean House. The receiver shall have no liability to the parties or the first mortgage, except for actions taken in violation of this Court order.

The clerk is directed to incorporate this order by reference in the docket in accordance with M.R.Civ.P. 79(a).

Date:_____11/27/12_____                    _____Paul A. _____
                                           Justice, Superior Court

Z:\Ocean House\ochousereferrorder.wpd