**In re Lowell J. GORDON, Appellant.**

**No. 12–CV–1842.**

District of Columbia Court of Appeals.

Filed Jan. 10, 2013.

Before OBERLY, Associate Judge, and FERREN and TERRY, Senior Judges.

## ORDER

PER CURIAM:

This is an appeal from the trial court's denial of a motion by plaintiffs' attorney, Lowell J. Gordon, Esquire, to withdraw from an action against Sibley Memorial Hospital and other defendants.[1] According to the trial court, four counsel had preceded Gordon in representing the plaintiffs, and all four had moved successfully to withdraw. The court denied Gordon's motion because, after all the delay, plaintiffs and the hospital defendants, respectively, would be "profoundly" and "seriously" prejudiced by Gordon's withdrawal—no doubt a sound discretionary ruling. Appellees Sibley Memorial Hospital and Carlos Picone have now filed a motion to dismiss the appeal as untimely filed. The trial court stayed the scheduled trial pending this court's resolution of this appeal.

■ The court's order is appealable under the collateral order doctrine. *See Galloway v. Clay*, 861 A.2d 30, 35 (D.C. 2004)("an order denying an attorney's motion to withdraw satisfies the collateral order doctrine" and thus is appealable). Gordon has missed the ordinary 30–day time limit for filing his notice of appeal, *see* D.C.App. R. 4(a), but he argues that this limit does not apply here. He cites *Estate of Patterson v. Sharek*, 924 A.2d 1005 (D.C.2007), in which we held that "a party adversely affected by an interlocutory injunction may await the court's final judgment before appealing." *Id.* at 1010–11. We reasoned that the basis for an interlocutory appeal of the injunction in *Patterson*—an interlocutory injunction against parking in a contested easement—might disappear upon final judgment, "possibly rendering an appeal unnecessary." *Id.* at 1011. *Patterson*, therefore, was premised on the assumption that a party subject to an interlocutory injunction could await the final disposition on the merits, without

1. *Celeste Puppolo, Pers. Representative of the Estate of Henry Puppolo, Deceased, et al. v.* *Sibley Mem'l Hosp., et al.,* 2006 CA 008577M.

prejudice to either party, before deciding whether an appeal of that injunction, if not moot, was still desirable.

■ *Patterson's* rationale is inapplicable in this case because there can be no final judgment on the merits until counsel's motion to withdraw has been resolved. This court's 30–day rule for filing the notice of appeal must apply; otherwise, the case cannot proceed at all—no merits can be reached—as long as counsel waits, without limitation, to note the interlocutory appeal.

Accordingly, we grant appellees' motion to dismiss, and the appeal is hereby dismissed as untimely filed. *See* D.C.App. R. 4(a).

*So ordered.*