STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-13-49

FLAGGS RV RESORT, LLC, )
A Delaware Limited Liability Company, )
)
Plaintiff, )
)
v. )
)
MLCFC 2007-9 ACR MASTER SPE, )
LLC, a Delaware Limited Liability )
Company, )
)
Defendant. )

ORDER REMOVING TEMPORARY
RESTRAINING ORDER AND
APPOINTING RECEIVER

The Court reconsiders its order granting a Temporary Restraining Order on March 21, 2013, and considers Defendant's Motion for Ex Parte Appointment of a Receiver.

I.      Background

Plaintiff, Flaggs RV, is the owner of a RV/Campground located at 68 Garrison Avenue, York, Maine (the "Property"), and one of seven borrowers under a $38,000,000 loan (the "Loan"). The Loan, evidenced by the Note and secured by the Mortgage, is currently held by Defendant, MLCFC. The Mortgage encumbers the Property and other property, rights, interests and estates of Flaggs RV. (Perillo Aff., Ex. B at p.9). This includes, among other things, the rents and deposits collected.

1

The Note and Mortgage were executed in favor of Countrywide Commercial Real Estate Finance, Inc. in August 2007.

> In November 2007, Countrywide assigned its rights under that loan transaction to LaSalle Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-09, Commercial Mortgage Pass-Through Certificates, Series 2007-09. Then, by an instrument dated October 14, 2008, Lasalle, as trustee, assigned the rights it had obtained from Countrywide to U.S. Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-09, Commercial Mortgage Pass-Through Certificates, Series 2007-09. A provision of that assignment recited that the "[a]ssignor [LaSalle] has executed this agreement to be effective as of June 30,2008," thereby purporting to make the assignment retroactive to that earlier date. Finally, on January 16, 2013, U.S. Bank, as trustee, assigned its rights that it had obtained from LaSalle to the defendant. That assignment includes an omnibus assignment of loan documents that relate to [the Property] as well as other properties, both in Maine and other states. The assignment also includes comprehensive assignments that are specific to the Loan transaction... In [the] assignments, the assignor, U.S. Bank states that its own rights derive from the assignment it received on October 14, 2008, by which it became successor trustee to LaSalle.

*Megunticook RV Resort LLC v. MLCFC*, KNOX-RE-2013-10 (Me. Super. Ct., Knox Cty., March 22, 2013) (discussing Defendant's acquisition of the instruments at issue in the present case).

Plaintiff failed to make payments on the Loan, causing an "Event of Default". Defendant alleges Plaintiff owes Defendant $36,452,189.06 under the Note in principal, interest, late charges, late fees and costs, and other sums provided for in the Note. Defendant also alleges that Plaintiff also owes Defendant $15,373.00 in insurance premiums Defendant advanced on Plaintiff's behalf. LNR Partners, LLC, the special servicer, accelerated the loan. Defendant provided Plaintiff with notice of a foreclosure sale of the Property for March 22, 2013. The Plaintiff moved the Court for, and was granted, a temporary restraining order which halted the foreclosure sale.

Section 6.2(b) of the Mortgage provides for receivership as a remedy upon an "Event of Default,":

> If an Event of Default shall have occurred, Mortgagee, to the maximum extent permitted by law, shall be entitled, as a matter of right, to the appointment of a receiver of the Property, without notice or demand, and without regard to the adequacy of the security for the Loan Obligations or the solvency of the Mortgagor. Mortgagor hereby irrevocably consents to such appointment and waives notice of any application therefore. Any such receiver or receivers shall have all the usual powers and duties of receivers in like or similar cases and all the powers and duties of Mortgagee in case of entry and shall continue as such and exercise all such powers until the date of confirmation of sale of the Property, unless such receivership is sooner terminated.

(Perillo Aff., Ex. B at p.9).

Plaintiff continues to receive rents and deposits for the 2013 summer season.

## II.   Discussion

### A.   Temporary Restraining Order

In order to succeed in a foreclosure action, a plaintiff must "certify proof of ownership of the mortgage note" among other criteria. 14 M.R.S. § 6321. In *Bank of America v. Cloutier*, the Law Court interpreted this provision "to require the plaintiff to identify the owner or economic beneficiary of the note and, if the plaintiff is not the owner, to indicate the basis for the plaintiff's authority to enforce the note pursuant to Article 3-A of the UCC." *Bank of America v. Cloutier*, 2013 Me 17 ¶ 16. In the current case, the Court granted a temporary restraining order on March 21, 2013 in order to assess whether Defendant was the proper party to enforce the Note. As was explored by J. Hjelm in *Megunticook RV Resort LLC v. MLCFC*, whether U.S. Bank acquired rights to enforce the Loan in October 2008, or in June 2008 by retroactive assignment, U.S. Bank had acquired the rights to enforce by January 2013, when U.S. Bank transferred those rights to Defendant. Defendant has appropriately identified the source of its

authority to enforce the Note. As such, the Court finds Plaintiff is unlikely to prevail on the merits and removes the temporary restraining order granted on March 21, 2013.

B. *Motion for Receiver*

Defendants move the Court for appointment of an ex parte receiver pursuant to the Mortgage. In *Fleet Bank of Maine v. Zimelman*, the Law Court made the point, in upholding a contract provision allowing for appointment of a receiver in the event of default on a loan, that "courts should not rewrite contracts, particularly agreements between two corporations acting at arms length." *Fleet Bank of Maine v. Zimelman*, 575 A.2d 731, 734 (Me. 1990), citing *Portland Valve, Inc. v. Rockwood Systems*, 460 A.2d 1383, 1388 (Me.1983). Furthermore, the Law Court stated that "Any advantage gained by the Bank by having a receiver appointed was freely bargained for at the time the agreement was reached. Accordingly, there is no reason not to enforce the unambiguous language of the mortgage, entitling the Bank to the appointment of a receiver." *Fleet Bank*, 575 A.2d at 734. In the case at hand, the Mortgage provides for a receiver to be appointed in the instance of an Event of Default. An Event of Default is defined to include non-payment on the loan. Plaintiff admits failure to make loan payments, therefore the occurrence of an Event of Default. The Court sees no reason not to enforce the contract as written.

III.   Conclusion

The Court removes the Temporary Restraining Order put in place on March 21, 2013. The Court will appoint a receiver pursuant to the Mortgage agreement. The Parties shall each submit within 14 days up to 3 proposed receivers with supporting affidavits detailing their qualifications and costs. Each party may then file written objection and

4

argument to the proposed choices within 14 days of that submission. The court then will either select a receiver from the written submissions or schedule a hearing if needed.[1] for

DATE: 5/9/13

_____
John O'Neil, Jr.
Justice, Superior Court

---

[1] It seems from the court's cursory review of the file that an appropriate compromise position could involve an entity intimately familiar with the local rental market and the particularized needs of the resort and another entity to provide fiscal oversight and accounting.

ATTORNEYS' FOR PLAINTIFF:
BRUCE HOCHMAN, ESQ.
EATON PEABODY
ONE PORTLAND SQUARE, 7TH FL
PORTLAND, ME 04101

DAVID PIERSON, ESQ.
EATON PEABODY
ONE PORTLAND SQUARE, 7TH FL
PORTLAND, ME 04101

JOSEPH BARBIERE, ESQ. (PRO HAC VICE)

ATTORNEYS' FOR DEFENDANT:
JOHN MCVEIGH, ESQ.
PRETI FLAHERTY
PO BOX 9546
PORTLAND, ME 04112-9546

ALAN K. MILLS, ESQ. (PRO HAC VICE)