STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket #RE-14-155

YORKE WOODS TOWNHOUSE )
ASSOCIATION, INC., )
    Plaintiff )
)
)
v. )
)
)
SHEILA F. ROLL, )      ORDER
    Defendant )
)
    And )
)
EQUIFIRST CORPORATION and )
BANK OF AMERICA, )
    Parties-in-Interest

The Plaintiff, Yorke Woods Townhouse Association, Inc. (hereafter Yorke Woods), has filed a Motion for Appointment of a Receiver. This is based upon the Bylaws of the Condominium recorded at Book 2805, Page 251 of the York County Registry of Deeds, within which Section 8, page 12, it provides that in an action to foreclose a condominium unit the association is entitled to the appointment of a receiver to collect rents due from the occupant of the condominium unit. Yorke Woods has brought a foreclosure action against the Defendant because she is behind on her condominium fees and dues. Thus, in accordance with the terms of the Bylaws and Maine law, specifically Fleet Bank of Maine v. Zimelman, 575 A.2d 731 (Me. 1990), Yorke Woods is entitled to the appointment of a receiver for Unit J-3. The Court enters the following Order appointing a receiver for unit J-3 and outlining the role of the receiver.

The Court appoints Attorney Russell White of 647 U.S. Route One, #208, Meadowbrook Office Suites, York, Maine 03909, as receiver for Unit J-3 of Yorke Woods located at 801 U.S. Route One, York, Maine. The receiver shall immediately inspect Unit J-3 to determine if any tenant is residing therein. If a tenant is residing therein pursuant to a bona fide lease or rental agreement for a reasonable rent then the receiver shall honor such rental agreement. If such rental amount is not reasonable then the receiver may take any action consistent with Maine law to increase the rent. If rent is not paid or other damage is being done to Unit J-3 then the receiver shall follow Maine law and may evict the tenant through a forcible entry and detainer action. If the Defendant is residing therein she shall be treated as a tenant and must pay a reasonable rent or be subject to an action for forcible entry and detainer under Maine law.

If the receiver determines that no occupant is residing therein then the receiver shall take possession of the Unit and rent the unit for a reasonable rent. The receiver shall file a written

report with the Court within 10 days regarding whether a tenant or occupant is in the Unit or not, and the current status of the property (whether it is rented or going to be rented). Thereafter, unless ordered by the Court, no further reports need to be filed by the receiver.

If the receiver locates any personal property in the Unit in which the Defendant is not occupying he shall contact the Defendant who shall have 10 days from the date of the mailing of the writing to them to arrange to remove the personal property from the Unit. If it is not removed it shall be placed in storage and any cost of storage shall be deducted as a cost of renting the Unit and paid from any proceeds from renting the Unit.

If the receiver receives funds or pays expenses then he shall maintain books and records of all income and expenses so that this can be reported to the Court or any interested parties and such income and expenses can be proven. From any income the receiver shall pay expenses in the following order: 1) any expenses related to maintaining or renting the unit, such as brokerage fees, electricity, heat, storage fees, and any fees charged by the receiver, or like expenses; 2) the monthly condominium fees and dues owed to Yorke Woods, including any arrears. Any excess proceeds shall be held by the receiver pending further order of the Court. Should the income not be sufficient to pay the first listed expense then the Yorke Woods shall pay these expenses and they will be added to the obligation of the Defendant as a condominium fee or assessment owed by her to Yorke Woods.

The Defendant shall remain liable for any expenses that are not paid by the rental amount recovered by the receiver. The receiver shall have no liability to the parties, except for actions taken in violation of this Court order.

The clerk is directed to incorporate this order by reference in the docket in accordance with M.R.Civ.P. 79(a).

Date: _April 8, 2015_    _____
                                            Justice, Superior Court

RE-14-155

ATTORNEY FOR PLAINTIFF:
PATRICK BEDARD
LAW OFFICE BEDARD & BOBROW
P O BOX 366
ELIOT ME  03903

DEFENDANT : PRO SE
SHEILA F ROLL
5 BEST WESTERN PLACE RM 311
RUTLAND VT 05701

ATTORNEYS FOR PARTY-IN-INTEREST  BANK OF AMERICA:
SHANNON MERRILL
BENDETT & MCHUGH PC
30 DANFORTH ST SUITE 104
PORTLAND ME  04101

JAMES GARNET
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI  02860

PARTY IN INTEREST EQUIFIRST CORPORATION - PRO SE
C/O CT CORPORATION SYSTEM
1536 MAIN STREET
READFIELD ME  04355